May Term, 1845.

SCHUER
v.
VEEDER.

---

## SCHUER *v.* VEEDER.

Trespass lies for a direct and violent injury to personal property, whether the act be done intentionally or through negligence.

Case also lies for such injury if it was occasioned by the defendant's *carelessness*, and the act was not wilfully done.

*Monday, May 26.*

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—Case for so negligently managing the defendant's boat, that it violently struck and sunk the plaintiff's boat. General demurrer to the declaration sustained; and final judgment for the defendant.

The question here raised is, whether a direct and forcible injury to property, not intentional, but the result of carelessness, may be the subject of an action on the case, or whether trespass is the only remedy?

There is no doubt that, at common law, trespass will lie for a direct and violent injury, whether inflicted through negligence, or intentionally. *Leame* v. *Bray*, 3 East, 593. And, since the decision of the case of *Williams* v. *Holland*, case has also been a legal remedy for such an injury, if occasioned by *carelessness*, but not if *wilfully* done. 10 Bing. 112. See, also, *Ogle* v. *Barnes*, 8 T. R. 188.—*Blin* v. *Campbell*, 14 Johns. 432. The demurrer should have been overruled (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace*, for the plaintiff.

*G. S. Orth*, for the defendant.

(1) Vide R. S. 1843, p. 691.—*Hines* v. *Kennison, May* term, 1846.