## EMANUEL FRANKENTHAL *et al.*

### *v.*

## WILLIAM F. CAMP.

1. ACTION—*whether trespass or an action on the case.* Where the owner of goods has sold them and received a part of the purchase money, and the sale has been rescinded by the vendee by reason of the inability of the vendor to deliver the goods, such inability being occasioned by the forcible and wrongful seizure of the property by a third person, after the sale and while it was still in the possession of the vendor, it was *held,* a consequential injury resulted to the latter in the loss of his sale, for which he could maintain an action on the case against the wrong doer.

2. And as the goods were forcibly and wrongfully taken from the vendor's possession, he might have brought trespass and recovered their value.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action on the case, brought by Camp against Frankenthal and others. The declaration alleged that " the plaintiff, before and at the time of the committing of the grievances by the said defendants, as hereinafter mentioned, held and enjoyed certain premises, with the appurtenances, situate and being in said city of Chicago. That said premises were leased to said plaintiff by a certain person named Charles M. Smith, for a period of three months, to-wit: from the first day of May, A. D. 1868, to August 1, A. D. 1868, said premises being known as number 170 North Water street in said city. Plaintiff further avers that he occupied said premises until the third day of September, A. D. 1868, and that on the last mentioned date the said defendants, to-wit: at Chicago aforesaid, wrongfully seized and distrained divers goods and personal property in said premises contained, to-wit.:" (describing the property taken) " of great value, to-wit: of the value of $763.70. And afterwards, to-wit: on the day and year last aforesaid, to-wit:

at Chicago aforesaid, under color of said distress, the said defendants took the key of said premises from Patrick Hogan, a man employed by said plaintiff in the premises, and locked and closed up said establishment, known as aforesaid. Said plaintiff further avers that during the period of his occupancy of said premises, he carried on in and upon said premises the business of rectifier and liquor dealer. Plaintiff further avers that the relation of landlord and tenant, with reference to said premises, never existed between him and said defendants, and that the said distress warrant, directed to the sheriff, or any constable of said county, and signed by E. Frankenthal & Co., and bearing date the third of September, 1868, was injuriously and wrongfully levied upon the goods and chattels aforesaid, on the date aforesaid. And the said plaintiff further avers that since the execution of said distress warrant upon the goods and chattels aforesaid, no further steps have been taken by said defendants towards perfecting said distress. And the said plaintiff further avers that on the twenty-eighth day of August, A. D. 1868, he, in good faith, sold the goods and chattels aforesaid to one George Harvey, for the sum of $763.70 ; and that said plaintiff received from said Harvey about $400 towards the payment of the stipulated price for said goods and chattels. And said plaintiff further avers that said Harvey refused to pay to said plaintiff the balance of the stipulated sum for said goods and chattels, because said plaintiff was incapacitated, by virtue of the levy of said wrongful distress, to give to said Harvey possession of said goods and chattels ; and that the said Harvey rescinded the sale aforesaid, because of plaintiff's inability to deliver to him the goods and chattels aforesaid for the cause aforesaid, to-wit: the illegal distraining of the goods aforesaid. And plaintiff further avers that said defendants had notice of the sale of said goods and chattels by the plaintiff to said Harvey. And the said plaintiff avers that the said defendants frustrated and broke up the sale aforesaid, in the manner aforesaid, between himself and said Harvey ; and that said defendants have held, since the wrongful levy

aforesaid, and now hold wrongful possession of said goods and chattels. Wherefore," etc.

The defendants pleaded the general issue, and a trial resulted in a verdict in favor of the plaintiff. Whereupon the defendants moved in arrest of judgment, on the alleged ground that the action, as appears on the face of the declaration, should have been trespass and not case. The court overruled the motion and entered judgment upon the verdict. The defendants appealed.

Messrs. ASAY & LAWRENCE, for the appellants.

Mr. D. SCULLY and Messrs. HERVEY, ANTHONY & GALT, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The only reason urged by counsel of appellants for reversing this judgment is that the action, as appears on the face of the declaration, should have been trespass, and not case. These two actions are sometimes concurrent remedies, and either might have been maintained in the present instance. As the goods were forcibly and wrongfully taken from plaintiff's possession he might have brought trespass and have recovered their value. But having sold the goods and received a part of the purchase money, and the sale having been rescinded by the vendee because the seizure of the goods disabled the plaintiff from delivering, a consequential injury resulted to the plaintiff in the loss of his sale, for which an action on the case will lie. Judgment affirmed.

*Judgment affirmed.*