CHARLES WOOD v. THE MICHIGAN AIR LINE RAILROAD COMPANY.

*Pleading—Trespass to lands—Action on the case.*

1. How. Stat. § 7759, under which an action on the case lies where, by the wrongful act of any person, an injury is produced, either to the person, personal property, or rights of another for which an action of trespass may by law be brought, has no reference to trespass upon lands, the words, " or rights of another," referring to injury to a large class of *personal* rights not enumerated, but included, in the section.[1]

2. A declaration charging the defendant with wrongfully entering upon plaintiff's land without leave or license, tearing down fences, digging up and removing the soil, making excavations and embankments, and building a road-bed for a railroad thereon, and fencing out a strip across the land 66 feet wide, and excluding the plaintiff from the possession thereof, sets forth a cause of action the *gist* of which is trespass to real estate.

Error to Jackson. (Peck, J.) Argued May 9, 1890. Decided June 6, 1890.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Thomas A. Wilson* (*E. W. Meddaugh*, of counsel), for appellant, contended for the doctrine stated in the opinion.

*Gibson & Parkinson*, for plaintiff, contended:

1. The damages which plaintiff seeks to recover under his declaration are mainly consequential. He does not sue for the mere value of the particular strip of land wrongfully entered upon and taken, but for the consequential injuries inflicted upon his farm as a whole by taking such strip, and for depreciation in value, not merely of the part taken, but of the whole farm, in consequence of such taking; which latter damages have not

[1] See *Bellant v. Brown*, 78 Mich. 294, for a further construction of said section.

been caused by any trespass upon such land, but are consequential upon the taking of the strip of land for railroad uses. Thus the plaintiff can recover for the inconvenience caused by dividing the farm into parts; citing *McReynolds v. Railway Co.*, 106 Ill. 125; *Tucker v. Railroad Co.*, 118 Mass. 546; and also for inconvenience arising from cuts, ditches, or embankments; citing *Railroad Co. v. Anderson*, 39 Ark. 167; *Railroad Co. v. Stauffer*, 60 Penn. St. 374; 6 Am. & Eng. Encyc. Law, 597, where consequential damages are referred to as specially treated under paragraph 7, tit. "Eminent Domain."

2. The tendency for many years in legislation, and with the Court, has been to enlarge the scope of actions on the case; citing How. Stat. § 7759; *Dunlap v. Railway Co.*, 50 Mich. 470; *Railroad. Co. v. Heisel*, 47 Id. 394, 38 Id. 62.

3. The defendant is not in a position to rely upon its objection to the form of action, as such objection should have been raised by demurrer, the declaration fully setting forth the facts upon which plaintiff relied; citing *Rowland v. Superintendents*, 49 Mich. 553

CHAMPLIN, C. J. The plaintiff brought an action on April 9, 1887, against defendant, in a plea of trespass on the case. The declaration reads as follows:

"Charles Wood, plaintiff in this suit, by Gibson & Parkinson, his attorneys, complains of the Michigan Air Line Railroad Company, a corporation under the laws of the State of Michigan, defendant in this suit, commenced by filing and service of declaration and notice of rule to plead, of a plea of trespass on the case:

"For that heretofore, to wit, before and at the time of the committing of the several grievances by the said defendant, as hereinafter mentioned, the said plaintiff was, and ever since has continued to be, the owner in fee of a certain messuage and premises situated in the township of Blackman, in the county of Jackson, and State of Michigan, known and described as follows, to wit: All that portion of the north-west quarter of section number twenty-three, in township number two south, of range one west, which lies east of the centre of the highway crossing the same from north-east to south-west, excepting five acres, or thereabouts, from the north end thereof, heretofore conveyed to John E. Spencer, be the same more or less; and which said premises are now possessed and owned by said plaintiff in fee, and occupied by him as a farm, and as the residence of himself and family, and consist of about eighty acres of land in one parcel.

"Yet the said defendant, well knowing the premises, but contriving and wrongfully and unjustly intending to injure and aggrieve the said plaintiff in his possession of said premises, and his estate in fee therein, with the appurtenances, and while the said messuage and premises were so owned, possessed, and occupied by the said plaintiff as aforesaid, to wit, on the 1st day of March, 1883, and on divers other days and times between that day and the commencement of this suit, at the township of Blackman aforesaid, in said county of Jackson, wrongfully and unjustly, without the leave, license, or authority of, and against the will of, said plaintiff, entered upon the said premises, and tore down and destroyed a portion of the fences thereon, and dug up, displaced, and removed the soil, and constructed and graded a road-bed of earth for a railway on and across said premises, in a north-easterly and south-westerly direction, for a long distance, to wit, about one hundred and twenty-five rods, which said road-bed on said premises consists in part of an embankment of earth piled up on the natural surface of the land to a height varying from one to seven feet high, or thereabouts, and the balance of said road-bed is formed by cut or excavation of from one to seven feet in depth; and has also constructed two fences on each side of said track, and parallel to the same, inclosing a strip of land sixty-six feet wide along the whole length of said road-bed across said land, and has used and permitted said road-bed to be used for the purpose of maintaining and operating a railroad, and running cars thereon, over and across the said premises, without the consent or license of said plaintiff, and against his will, and greatly to his injury.

"By means of which said several premises, and the wrongful acts of the defendant aforesaid, the said plaintiff hath been and is greatly injured in his estate in fee of said premises, and the value thereof greatly impaired and lessened, and also greatly injured in his possession of said premises, and has been wholly deprived by defendant of the possession, use, and occupation of said strip of land, sixty-six feet wide, across his said farm; that his use and enjoyment of said premises as a farm has been greatly injured and impaired, and the value of his said premises as a farm has been greatly lessened and impaired, and the expense of cultivating the same greatly increased, and the rental value thereof greatly diminished; that, by means of the construction of said road-bed, the said farm and premises of said plaintiff has been cut into two triangular pieces of land, separated from each other, rendering said farm of less value, and that said road-bed is a continuing injury

to said plaintiff, and a permanent injury to the fee of the land, and to plaintiff's enjoyment of the same; to the damage in all to said plaintiff of five thousand dollars, and therefore he brings suit, etc."

The defendant pleaded the general issue, and gave notice that it would show that the defendant, in constructing the road complained of, acted in good faith, with the knowledge and consent of the plaintiff, and substantially in accordance with an agreement in writing made between the parties; and that more than two years had elapsed since any of the acts were done alleged in the declaration, and that he had lost all right of action by lapse of time.

The trial was by the court and jury, and resulted in a verdict and judgment for plaintiff of $1,658.33.

The defendant brings the case here, and the principal points relied on to defeat plaintiff's action are that trespass on the case is not the appropriate action to recover for injuries to real estate committed directly and with force; that, if the action should be construed to be an action of trespass, then, upon the undisputed facts, the statute of limitations had run against the action; that the defendant constructed the road substantially on the route mentioned in the agreement of the plaintiff, with his knowledge and acquiescence, which constituted a complete defense.

Upon the trial the defendant objected to the giving of any evidence under the declaration, because while in form the plea was in case, yet the facts alleged show a trespass. The court overruled the objection, and defendant excepted. It is contended on behalf of plaintiff that this form of action is authorized by How. Stat. § 7759, which provides:

"Where, by the wrongful act of any person, an injury is produced, either to the person, personal property, or

rights of another, or to his servant, child, or wife, for which an action of trespass may by law be brought, an action of trespass on the case may be brought to recover damages for such injury, whether it was willful, or accompanied by force or not, and whether such injury was a direct and immediate consequence from such wrongful act, or whether it was consequential and indirect."

In this the counsel are mistaken. The section has no reference to trespass upon lands. The words, "or rights of another," have reference to injury to a large class of personal rights not enumerated, but included, in the section. The meaning of · those words must be ascertained with reference to the context, and by considering what rights are referred to by the words with which they are associated. The maxim, *noscitur a sociis,* is applicable here, and excludes the idea that the statute refers to real actions.

It is plain from the declaration that the gist of the action is trespass to real estate. The entry is alleged to have been wrongful, and without leave or license; that the defendant tore down the fences, dug up and removed the soil, made excavations and embankments, and built a road-bed for a railroad, and fenced out a strip across plaintiff's land 66 feet wide, and has excluded him from the possession thereof. All the damages which he alleges were the direct result of the acts of trespass stated, and every one of them are such as might have been recovered for in the action of trespass to realty, as the following cases fully demonstrate: *Chandler v. Allison,* 10 Mich. 460, 11 Id. 542; *Gilbert v. Kennedy,* 22 Id. 117; *Tracy v. Butters,* 40 Id. 407.

In *Tracy v. Butters* we held that the trespass was committed by entering into the possession of real property, and ousting the owner, and the injured party could recover in an action of trespass damages for the ouster,

and all damages for the injury caused in law by the retention of possession against right. The injury caused by the trespass in this case was no more indirect and consequential than such as arises in every case of trespass caused by forcible entry and direct injury to the plaintiff's possession and freehold. It differs in extent, but not in the nature of the injury or damages.

The plea which the pleader chooses to insert in the declaration does not determine the nature or class of actions to which it belongs. If the plea was in trespass, and the cause of action stated in the body of the declaration was in *assumpsit*, the action would be in *assumpsit*. So here we must hold that the cause of action is trespass, and not trespass on the case. The distinction is material because of the statute of limitations, which requires all actions for trespass upon lands to be commenced within two years next after the cause of action shall accrue, and not afterwards, while actions on the case may be brought within six years. Here more than two years elapsed after the cause of action accrued against defendant before the suit was commenced. It is not a case where the party has a choice of remedies, such as debt or *assumpsit* for the same cause of action. The action on the case is improper, and will not lie where the injury is direct, and accompanied with force, except where the cause of action comes within the provisions of the statute above quoted. This is so well known that no authorities need be cited.

This objection lies at the threshold of the plaintiff's right to recover, and disposes of the case adversely to him. The defendant was not obliged to raise the question by demurrer. The statute of limitations was pleaded, and the plaintiff was as fully apprised of this defense as if it had been raised upon demurrer.

The judgment is reversed, and a new trial granted.

The other Justices concurred.