### WYANT *v.* CROUSE.

TRESPASS—CONSEQUENTIAL DAMAGES—PLEADING—NEGLIGENCE.

A declaration, purporting to be in case, alleged that defendant wrongfully broke and entered plaintiffs' blacksmith shop, occupied by their tenant, and started a fire in the forge, which, by reason of defendant's negligence, escaped, destroying the shop, some adjoining buildings, and certain personal property.  The evidence tended to support the averments of the declaration, with the exception that there was nothing to show a want of ordinary care on the part of defendant in managing the fire.  *Held:*

( 1 ) That, the damages being consequential in nature, an action on the case would lie therefor.

( 2 ) That the declaration sounded in case, and not in trespass *quare clausum.*

( 3 ) That, defendant's entry being wrongful, he was liable for the resulting damages, irrespective of the question of negligence.  ( MONTGOMERY, C. J., dissenting, on the ground that the trespass was committed, not against plaintiffs, but against their tenant. )

Error to Cass; Smith, J.   Submitted March 7, 1901.
Decided June 17, 1901.

Case by William B. Wyant and Judith A. Wyant
against George Crouse to recover damages for the destruc-
tion of property by fire.   From a judgment for defendant
on verdict directed by the court, plaintiffs bring error.
Reversed.

*M. L. Howell*, for appellants.

*Cassius M. Eby*, for appellee.

HOOKER, J.   The plaintiffs commenced an action by
declaration against the defendant to recover damages for
the destruction of a blacksmith shop and other property
by fire.   The declaration stated that he wrongfully broke
into the shop, and started a fire in the forge, and the un-
disputed proof shows that he did so.   The declaration
purports to be in case, and, after alleging the wrongful
entry and building of a fire, alleges negligence in manag-
ing it, and a consequent fire a short time after defendant
left the shop.   It seems to be conceded that, if this was to
be treated as a count in trespass *quare clausum*, the action
was barred by the statute of limitations; and the court,
acting upon the theory that it was case, directed a verdict,
upon the ground that no negligence was shown.

The testimony shows that the defendant was a black-
smith, who sometimes worked in the shop for plaintiffs'
son, who occupied the shop as plaintiffs' tenant; that on
this occasion he went to the shop to sharpen some shoes,
built a fire in the forge, did his work, and went away.
It is in evidence that the wind was blowing, and that,
about 10 minutes after he went away, the shop was dis-
covered to be on fire in the southwest corner of the build-
ing, the forge being in the northeast corner, and the flames
coming out from the roof.   The only fire on the floor was
that which dropped from above.   The forge was connected
with the chimney by an old stove pipe, that went up

through a ceiling of boards.  The defendant stated, the day after the fire, that when he left the shop there was apparently no fire around, but there were some shavings lying around, and he did not know but a spark or piece of hot iron had dropped in the shavings, and that when he went there he found no fire in the shop.  The court seems to have considered the wrongful entry as out of the case, and the defendant liable only for a want of ordinary care, after building the fire, in looking after it and keeping it from doing damage.  The plaintiffs' counsel insists that the act was wrongful, and might be shown to be so, though it involved a trespass, and that he was liable for the consequences.

We agree with the circuit judge that there is no proof tending to show an absence of ordinary care, but there certainly is proof tending to show that the only fire on the premises came from that started by the defendant. Hence the case is reduced to the question whether trespass *quare clausum* is the only remedy for an injury resulting to real estate and personal property inadvertently destroyed by a trespasser.  Defendant's act, if a trespass, consisted in breaking, entering, and building a fire in the shop.  He would have been liable for that in an action of trespass.  After he left, the fire burned the shop and adjoining buildings and personal property.  There is no doubt that as to the latter, *i. e.*, the personal property, the plaintiffs might sue in case, whether they could recover in trespass or not.  3 Comp. Laws, § 10400.  It is clear that they could not recover in case for the direct damage necessarily done by his trespass to the land.  *Wood* v. *Railroad Co.*, 81 Mich. 358 (45 N. W. 980); *Haines* v. *Beach*, 90 Mich. 563 (51 N. W. 644).  They are not attempting to do so.  No claim is made for damages for the mere breaking, entry, or use of the forge, but only for the damage done by the fire.

When one trespasses on land, he is liable for the direct injury to the freehold, and the consequences naturally to be expected arising therefrom, in an action of trespass.

Attendant acts, such as assault and battery, slander, injury to personal property, etc., may be shown, if alleged, by way of explaining the trespass, and in aggravation thereof, in all States where exemplary damages are recoverable, and doubtless under our own somewhat modified rule relating to exemplary damages. But in such case the amount of damages is not necessarily to be measured by the injury to the person, the reputation, or the personal property, damages for which may, instead of being sought by way of aggravation, be recovered in suitable actions. *Thayer* v. *Sherlock*, 4 Mich. 173; *Roberts* v. *Druillard*, 123 Mich. 286 (82 N. W. 49). In the former case it was held that such claims, being specifically alleged, had been recovered for as separate causes of action, and not by way, of aggravation. Tiff. Justice's Guide, 807.

If consequential damages may be recovered in any case of trespass *quare clausum*, it seems obvious that in some they cannot, and that case should be resorted to. There is an intimation in the case of *Barry* v. *Peterson*, 48 Mich. 264 (12 N. W. 181), that case is the proper remedy in such instances. In that case there was a direct trespass, snow being thrown on plaintiff's land, between the houses of plaintiff and defendant, whereby plaintiff's house was injured through its melting. A recovery was had in case. There was more reason for anticipating injury in that case than in the one before us. In *Ives* v. *Williams*, 53 Mich. 636 (19 N. W. 562), the propriety of declaring in case for consequential injuries is recognized. Several counts in case were joined to one in trespass. The court said that, in the absence of an allegation of consequential damages, it must be considered a count in trespass, and therefore a misjoinder. Again, in *Wood* v. *Railroad Co.*, 81 Mich. 363 (45 N. W. 980), Mr. Justice CHAMPLIN appears to have recognized that, when damages are consequential, case will lie, for he said:

" The injury caused by the trespass in this case was no more indirect and consequential than such as arises in

127 MICH.—11.

every case of trespass caused by forcible entry and direct injury to the plaintiff's possession and freehold."

In the cases of *Chandler* v. *Allison*, 10 Mich. 460, and *Allison* v. *Chandler*, 11 Mich. 542, the injury was not consequential, but a direct and natural consequence, to be expected.

In the case before us, the defendant intended no such injury, nor did he any act which can be said to have given reason for expecting the consequences. It was a fortuitous consequence of his act, entirely unforeseen. The actual trespass was of little significance compared with this consequential injury. If a wrong-doer, he would be responsible for the damage, if it resulted from the building of a fire by him, regardless of the degree of care used. Hence the propriety of setting up his wrongful entry, which, though proper in a declaration in trespass, does not necessarily impress that character upon this declaration, which expressly states that it is in case, and describes a consequential injury, following and growing out of acts constituting a trespass.

The following authorities, taken from 26 Am. & Eng. Enc. Law, p. 706, will show the trend of authority upon this subject: *Gates* v. *Miles*, 3 Conn. 64; *Barnes* v. *Hurd*, 11 Mass. 57; *Waldron* v. *Hopper*, 1 N. J. Law, 390 339; *Case* v. *Mark*, 2 Ohio, 169; *Taylor* v. *Rainbow*, 2 Hen. & M. 423; *Jordan* v. *Wyatt*, 4 Grat. 151 (47 Am. Dec. 720); *Branscomb* v. *Bridges*, 1 Barn. & C. 145; *Smith* v. *Goodwin*, 2 Nev. & M. 114; *Frankenthal* v. *Camp*, 55 Ill. 169; *Schuer* v. *Veeder*, 7 Blackf. 342; *Johnson* v. *Castleman*, 2 Dana, 377; *Dalton* v. *Favour*, 3 N. H. 465; *Gilson* v. *Fisk*, 8 N. H. 404; *Blin* v. *Campbell*, 14 Johns. 432; *Percival* v. *Hickey*, 18 Johns. 257 (9 Am. Dec. 210); *McAllister* v. *Hammond*, 6 Cow. 342; *Brennan* v. *Carpenter*, 1 R. I. 474; *Howard* v. *Tyler*, 46 Vt. 683; *Claflin* v. *Wilcox*, 18 Vt. 605; *Waterman* v. *Hall*, 17 Vt. 128 (42 Am. Dec. 484). Most of these cases relate to trespass to persons or personal property, but the analogy is close. The case of *Jordan*

v. *Wyatt, supra,* contains a lengthy discussion of the distinction between direct and consequential injuries:

The liability of the defendant is based upon a wrongful act, and the nature of the act, and not the consequences, determines his liability. He was engaged in an unlawful act, and therefore was liable for all of the consequences, indirect and consequential as well as direct, and there is no occasion to discuss the degree of his negligence in permitting the shop to burn, if the fire was caused by the fire he builded. This accountability for the consequences is not affected by the form of action.

The judgment is reversed, and a new trial ordered.

MOORE, LONG, and GRANT, JJ., concurred with HOOKER, J.

MONTGOMERY, C. J. (*dissenting*). The trespass was not committed against the plaintiffs, but against their tenant. The subsequent fire was not, particularly as to the plaintiffs' adjoining property, a wrong against plaintiffs.