OLSHOVE *v.* HURON CIRCUIT JUDGE.

VENUE—ACTION FOR DAMAGES TO BARNS AND PERSONAL PROPERTY PROPERLY COMMENCED IN COUNTY IN WHICH PLAINTIFF LIVED ALTHOUGH FARM LOCATED IN ANOTHER COUNTY.

An action against a railroad company for damages caused by the destruction of plaintiff's barns with their contents and other personal property by fire originating from the negligent operation of one of defendant's locomotives, was properly commenced in the county in which plaintiff lived, although the farm was located in another county.

Mandamus by Egnatz Olshove and another to compel Xenophon O. Boomhower, circuit judge of Huron county, to vacate an order dismissing an action at law. Submitted April 12, 1927. (Calendar No. 33,033.) Writ granted July 29, 1927.

*Kinnane & Leibrand,* for plaintiffs.

*W. K. Williams* and *John C. Shields* (*Beach & Beach* and *C. F. Gates,* of counsel), for defendant.

McDONALD, J.    The plaintiffs seek the writ of mandamus to compel the defendant to set aside an order dismissing the suit.    The plaintiff Sparling is the owner  of a farm in Sanilac county, Michigan.    He sold it on land contract to plaintiff Olshove.    The Pere Marquette Railroad Company operates a steam railroad which traverses Sanilac county adjacent to the farm.    It is claimed that a fire, originating from the negligent operation of one of the railroad company's locomotives, burned two barns with their contents, and other personal property on the plaintiffs' farm.    Suit for damages was begun by summons in the circuit court of Huron county where the plaintiff Sparling

Venue, 40 Cyc. p. 72; 10 R. C. L. 795.

resides.    The railroad traverses that county.    The
company entered a general appearance.    After the
filing of the declaration, the defendant filed a plea of
the general issue with notice of several special de-
fenses, one of which was that the circuit court of
Huron county had no jurisdiction because the suit in-
volved lands in Sanilac county, and under our venue
statute the action must be commenced and tried in that
county.    Subsequently, a motion to dismiss was filed;
and the circuit judge entered an order dismissing the
suit, on the ground that the action was commenced in
the wrong county.

The principal question involved is whether the suit
is properly brought in Huron county.    Our statutes
relative to the place for the commencement of actions
is section 12340, 3 Comp. Laws 1915.    A reading of
the various subdivisions will show that the general
statutory policy of the State fixes residence as the basis
for venue of actions.    The exception is actions in-
volving real estate.    Subdivision 1 reads as follows:

"Actions for the recovery of any real estate or the
possession thereof; for trespass on lands; and for in-
juries to real estate and actions of replevin shall be
commenced and tried in the county where the subject
[matter] of the action shall be situated."

This statute is declaratory of the common law which
holds all such actions to be local.    The rule which re-
quires actions for the recovery of injuries to real estate
to be brought and tried in the county where the real
estate is situated has been generally condemned where-
ever courts have had occasion to consider it.    In 27
R. C. L. p. 795, § 16, it is said:

"It is generally held that actions for the recovery
of damages for injury to realty are local in character,
and must be brought in the court of the county wherein
the land lies.    This doctrine has been opposed and
deplored by many jurists, but is none the less firmly
established."

See, also, *Little* v. *Railway Co.*, 65 Minn. 48 (67 N. W. 846, 33 L. R. A. 423, 60 Am. St. Rep. 421).

As the application of the rule serves no useful purpose and frequently operates unjustly to the owner of the realty, it ought to be applied only in strict compliance with the law. So it has been held that to bring the action within the statute, it cannot be partly local and partly transitory; it must be exclusively local. In *Smith* v. *Barr*, 76 Minn. 513 (79 N. W. 507), it is said:

"Inasmuch as the general rule is that actions must be brought and tried where the parties reside, and that they must be brought and tried where the subject-matter is situated is the exception to the rule, it has been frequently held that, to bring a case within the exception, the subject-matter must be wholly local; that is, exclusively within the exception."

"It is settled by prior decisions that the requirement that actions shall be tried where the defendant resides is the general rule, and that the requirement that certain actions shall be tried where the subject-matter is situated is an exception to the rule, and that to bring the case within the exception the subject-matter must be wholly local." *State, ex rel. Nyquist*, v. *District Court*, 164 Minn. 433 (205 N. W. 284).

In California, section 392 of the Code of Civil Procedure provides that—

"Actions for the recovery of real property, of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property, must be tried in the county where the subject-matter of the action or of some part thereof is situated."

Section 395 requires that all other actions be tried where the defendant resides. In *Smith* v. *Smith,* 88 Cal. 572 (26 Pac. 356), a real action and a personal action were united in the same declaration. Holding that the action ought to be tried in the county of the defendant's residence, the court said:

"It is only when real estate alone is the subject-matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from the one in which the land is situated."

And in *First National Bank* v. *Valenta*, 33 Tex. Civ. App. 108 (75 S. W. 1087), it is said:

"In order to avoid a multiplicity of suits, causes of action in favor of the same plaintiff against the same defendant in the same capacity may be joined so as to confer venue, for a cause not otherwise suable in the county where the suit is brought, when one of such causes may be sued in that county."

In the instant case, the action is partly local and partly transitory. It is local in so far as it relates to injury to the real estate. It is transitory in so far as it relates to the injury to personal property. In the declaration it is alleged:

"And that the plaintiffs were also then and there the owners and in possession of certain personal property situated on said described premises and in and around and near said described barns so situated adjacent to defendant's line of railroad in said township of Austin, county of Sanilac and State of Michigan, aforesaid, which was then and there of great value, to wit, of the value of $2,000."

Thus, we are considering the question of venue under our statute in a case where the declaration shows a cause of action partly local and partly transitory. Our attention has not been called to any Michigan decision wherein this question has been considered. We believe that the correct rule to be applied in this case is that if the main purpose of the action were the recovery of damages for injuries to the barns and the recovery for injury to the personal property were merely incidental thereto, the case would come within the statute and ought to be commenced and tried in Sanilac county, where the land is situated. A

good illustration of this rule may be seen in eject-
ment actions.    An action of ejectment is for the
specific recovery of land and for damages for its de-
tention.    It is a mixed action, partly local and partly
transitory.    But damages for detention are merely
incidental to the main purpose of the action, which
is the recovery of the land.    Such an action must be
commenced and tried in the court of the county where
the land is situated.    In the instant case, the recovery
of damages for injury to the personal property is as
much the principal object of the suit as is the recovery
of damages to the real estate.    Neither is dependent
on the other.    Neither is a mere incident of the
other.    In so far as the object of the suit is to re-
cover damages to the personal property, the action
ought to be brought in Huron county, where the plain-
tiff resides; and in so far as the suit is for the re-
covery of damages to real estate, it should be brought
in Sanilac county, where the land is situated.    There
is just as much reason why the action should be
brought in one county as in the other.    Inasmuch as
the general policy of our venue statute requires actions
to be commenced in the county where the plaintiff or
one of the parties resides, and that the requirement
that certain actions relating to real estate be brought
in the county where the real estate is situated is an
exception to the general rule, if we apply the doctrine
announced in the California and Minnesota cases, this
action was properly commenced in Huron county.

There is no reason why it ought not to be tried there.
It does not call for a judgment that would affect real
estate.    It is to recover damages only, and in that
sense is purely personal.    It is as personal as any of
the transitory actions.    It is local only because the
statute without any good reason has so designated it.
The circuit judge of either county has jurisdiction to
hear and determine the issues involved and to enter

a valid judgment.    We believe that the suit was properly brought in Huron county, and that the circuit judge erred in granting the motion to dismiss.

It is not necessary to discuss any of the other questions presented by the record.

If necessary, the writ of mandamus will issue requiring the defendant to reinstate the case.

SNOW and FELLOWS, JJ., concurred with McDONALD, J.

SHARPE, C. J. (*concurring*).    Section 10217, 3 Comp. Laws 1897, provided "That all cases of trespass on lands, and all cases of trespass upon the case for direct or consequential damages on account of injury to *personal property,*" where the defendant was not an actual resident of the county in which such property was situate at the time of its injury, might be prosecuted in any county in which the defendant could be found.    In 1903 (Act No. 247) the words italicized above were changed to "lands."

The distinction between an action of trespass *quare clausum* and one of trespass on the case for direct or consequential damages on account of injury to lands was thus clearly recognized by the legislature.    It was but in accord with the decisions of this court. In *Wood* v. *Railroad Co.,* 81 Mich. 358, it was held that damage to plaintiff's lands caused by the defendant entering thereon and building a roadbed could be recovered only in an action of trespass to the realty, while in *Wyant* v. *Crouse,* 127 Mich. 158 (53 L. R. A. 626), it was held that damages caused by the burning of a building through the negligence of the defendant might be recovered in an action of trespass on the case.    See, also, *Cribbs* v. *Stiver,* 181 Mich. 82.

Section 12340, 3 Comp. Laws 1915, quoted by Mr. Justice McDONALD, is a part of the judicature act

(Act No. 314, Pub. Acts 1915). It differs but little from the language employed in section 10216, 3 Comp. Laws 1897, which preceded section 10217, referred to above. It will be found, however, that section 10217 is entirely omitted from this act. The annotators (Cummins & Beecher) say that it is merged in section 12340. But this section contains no similar provisions.

There surely could have been no intent to deprive those sustaining damages due to such injuries from an effective right of action. Without the right to sue in another county, all that a wrongdoer need do is to keep out of the county in which the land was situate and no recovery could be had against him.

I am impressed that, in the opinion of the commission who so carefully prepared this act, such a provision was deemed unnecessary, owing to the change made in the law relating to "Forms of Actions" by abolishing the action of trespass to realty. Section 12350 provides:

"The following actions at law are retained, namely, actions of assumpsit, trespass on the case, replevin, ejectment, certiorari, mandamus and quo warranto. All other forms of actions at law are abolished."

The action of trespass *quare clausum* was local. The gist of such an action was the injury to the possessory right, and the damages in such cases were awarded for a wrongful invasion thereof. Trespass on the case is brought to recover damages for wrongs not committed with or having been occasioned by force, where the injury is the result of some unwarranted or negligent act. Actions of the former class are local. Those of the latter are transitory.

This court having held in the *Wyant Case, supra,* that trespass on the case might be brought for damages occasioned by the negligent destruction of a building by fire, and as such an action was transitory, there re-

mained no useful purpose in continuing in force the provisions in section 10217, above referred to.

The action here brought is in trespass on the case. In my opinion, it is a transitory action and within the jurisdiction of the circuit court for the county of Huron.    I concur in the granting of an order for the issuance of the writ, if necessary.

BIRD, STEERE, and WIEST, JJ., concurred with SHARPE, C. J.    CLARK, J., did not sit.