INSURANCE COMPANY OF NORTH AMERICA v CUEVAS

1. Negligence—Defenses—Attractive Nuisance.
   The doctrine of attractive nuisance will excuse young children for trespassing on land that contains the attractive nuisance, but it will not excuse their negligence in damaging something on the land.

2. Negligence—Defenses—Attractive Nuisance.
   Instructions to the jury that the doctrine of attractive nuisance would excuse defendants, aged seven, eight, and nine, from liability for damage caused by their negligence in playing with matches near plaintiff's trash containers was error.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 April 12, 1972, at Grand Rapids. (Docket No. 12032.) Decided May 26, 1972. Leave to appeal granted, 388 Mich 771.

Complaint by Insurance Company of North America, as subrogee of Lear-Siegler, against Hermelinda M. Cuevas, guardian of Paul Cuevas, and Albert Serrano, guardian of Eddie Serrano, for negligence in starting a fire on plaintiff's property. Judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for plaintiff.

*Johnson, Campbell & Moesta,* for defendant Serrano.

*Hillman, Baxter & Hammond,* for defendant Cuevas.

References for Points in Headnotes
[1, 2] 62 Am Jur 2d, Premises Liability § 61 *et seq.*
   Comment note.—Age and mentality of child as affecting application of attractive nuisance doctrine, 16 ALR3d 25.

Before: J. H. Gillis, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J. This is a negligence action by the plaintiff Insurance Company of North America, subrogee of Lear-Siegler, against the defendants.

Defendant Paul Cuevas (age 9), his younger brother Rudy (age 7) and defendant Eddie Serrano (age 8) were playing around trash receptacles located on the premises of the Home Furnace Company, a division of Lear-Siegler. The trash containers, with their lids open, were positioned against the loading dock of the Home Furnace Company. One of the three boys had matches in his possession.

One of the boys took a broken fluorescent light bulb and a piece of paper out of the trash container and placed the bulb on the edge of the container. Then one of the boys lit the piece of paper so they could touch the white powder of the bulb to see if it would burn. The fire fell into the trash container, igniting the refuse which in turn caused the overhang of the roof to catch fire. Damage was over $40,000.

Plaintiff, as subrogee, sued the defendants for negligently starting the fire causing the damage to the property.

Defendants claimed the Home Furnace Company was guilty of contributory negligence and also asserted as a defense the doctrine of "attractive nuisance".

It is the applicability of this doctrine of "attractive nuisance" with which we are concerned in this suit.

The trial judge instructed the jury in part as follows:

"We have in this state a rule of law called attractive nuisance. An attractive nuisance is a device or thing which, by its character or nature, is likely to attract children on the premises.

"If you find that the premises surrounding the Home Furnace plant, trash barrel and other objects on the premises, were attractive or inviting to children, such as Paul Cuevas and Eddie Serrano, and if you find that the premises were unlocked or unguarded, that a trash barrel was open and inviting to curiosity and exploration of children, and that the Home Furnace Company reasonably knew, or should have known, that children played upon the premises, then you may find that the premises and objects thereon constituted an attractive nuisance.

"If you find that an attractive nuisance existed and that such attractive nuisance was a proximate cause of the plaintiff's loss, then I instruct you that your verdict must be for the defendants no cause of action."

The jury returned a verdict of no cause of action.

To properly evaluate the applicability of this doctrine the history of the doctrine is necessary.

Under our common law, land was sacred. In *Lyshak v Detroit,* 351 Mich 230, 240 (1958), Justice SMITH quoted from Eldredge (Tort Liability to Trespassers, 12 Temple L Quart 32). He said:

" 'In feudal England the emphasis was all on the side of the proprietors of landed estates. It was to be expected that in an age in which feudal lords were practical sovereigns they would not ordinarily be subject to liability for harm to persons on the land. Surely, if even the king could not enter without permission, there was some basis for the rule that the possessor of land had no duty to anticipate trespassing or guard against harm to trespassers. * * * Consequently the general rule was that there was no liability whatever upon the possessor for harm caused to infant or adult trespasser, or to trespassing animals, for harm received by them upon the land.' "

Time after time young children would be injured by some hazardous object on another's land and the defense would always be that the child was a trespasser and the owner of the land did not owe him any duty and therefore could not be negligent.

It was from such a background the doctrine of attractive nuisance developed. Justice COOLEY introduced the theory in Michigan jurisprudence in *Powers v Harlow,* 53 Mich 507, 515 (1884), when he said:

"The moving about of the children upon the land where they were at liberty to go, while they were not actually employed, was as much an incident to their being there as is the loitering or playing by children outside the traveled part of the highway as they go upon it to school or upon errands. Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken."

After the *Powers* case, *supra,* the theory was strictly construed for many years until *Lyshak v Detroit, supra.* Peter Lyshak, a young boy, was struck by a golf ball while playing on the Redford golf course. The City of Detroit owned the course, and during the winter the course had been open for winter sports. The manager of the course knew that children continued to play on the course. The club professional was in the foursome and saw the boy on the fairway before the party hit the ball that struck Peter in the eye. Again, the old defense was asserted that the boy was a trespasser.

Justice SMITH asserted the doctrine of "attractive nuisance". On page 251, quoting from *Herrick v Wixom,* 121 Mich 384, 388 (1899) he stated:

" 'Where a trespasser is discovered upon the premises by the owner or occupant, he is not beyond the pale of the law, and any negligence resulting in injury will render the person guilty of negligence liable to respond in damages.' "

In *Swanson v Marquette,* 357 Mich 424 (1959), a boy was injured when he came into contact with high-voltage equipment. The defense was that the boy was a trespasser and the circuit judge dismissed the case. The Supreme Court reiterated that infant trespassers are not automatically banned all rights of recovery just because they are trespassers.

So we have developed Michigan law that a child is not banned from recovery of damages from a negligent land owner on the basis that the child is a trespasser, under the doctrine of "attractive nuisance".

In analyzing the aforementioned cases it should be noted that in all of the cases a youngster was injured on another's property. The owner's defense was that the child was a trespasser. Contributory negligence of the child was never discussed. In fact, the child was always too young to be guilty of contributory negligence. The doctrine of attractive nuisance excused the child's trespass, but did not excuse his negligence.

In *Aetna Insurance Co v Stringham,* 440 F2d 103 (CA6, 1971), the United States District Court for the Eastern District of Michigan allowed defendants to use the doctrine of attractive nuisance to defend the plaintiff's claim. The holding was affirmed by the United States Court of Appeals, Sixth Circuit.

However, Aetna sued the minor children for negligence and for trespass. The trial judge found that the children were not negligent and applied the theory of attractive nuisance to defeat the claim for damages for the children's trespass. The Court stated on page 104:

"An action for damages arising out of trespass could not be maintained where the trespass was a result of an attractive nuisance."

It must be remembered that under Michigan law a trespasser is liable for all of the consequences, indirect and consequential, as well as direct damages resulting from his trespass, irrespective of his negligence. *Wyant v Crouse,* 127 Mich 158 (1901).

In the present case plaintiff sued the defendants for their negligence, not for damages arising out of their trespass.

We hold that the doctrine of attractive nuisance will excuse young children for trespassing on the land that contains the attractive nuisance, but will not excuse their negligence.

The trial judge erred in his instructions.

Reversed and remanded for a new trial.

Costs to defendants.

All concurred.