363 F.Supp. 354 (1973)
HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation, Plaintiff,
v.
Norbert J. KREKELER et al., Defendants.
No. 71 C 751(4).
United States District Court, E. D. Missouri, E. D.
April 16, 1973.
*355 Joseph M. Kortenhof, Murphy, Kortenhof & Ely, St. Louis, Mo., for plaintiff.
Samuel T. Vandover, Godfrey & Vandover, St. Louis, Mo., for defendants.

MEMORANDUM
WANGELIN, District Judge.
This is an action for a declaratory judgment, pursuant to 28 U.S.C. § 2201, that construes and interprets the scope of the coverage of an insurance policy issued by the plaintiff, Hartford Accident and Indemnity Company (hereinafter "Hartford"), to defendant Krekeler Super Market, Inc. The asserted jurisdictional basis is diversity of citizenship pursuant to 28 U.S.C. § 1332.
Defendant Frank Donato was served with process in this action but has failed to answer or appear. He is, therefore, in default and judgment will be decreed against him.
This action was tried to the Court sitting without a jury on September 11, 1972. After duly considering the evidence adduced, the Court hereby makes the following findings of fact and conclusions of law.

FINDINGS OF FACT
1. Plaintiff Hartford is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.
2. Defendant Norbert J. Krekeler is a citizen of the State of Missouri. Defendant Krekeler Super Market, Inc., does business as Indian Hills Tom Boy, and is a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business in St. Louis County, Missouri. The amount in controversy exceeds $10,000.00, exclusive of interest and costs.
3. On or about October 5, 1970, plaintiff Hartford issued to defendant Krekeler Super Market, Inc., its casualty insurance policy, No. 84c813648, and said policy was in effect on September 6, 1971.
4. a. Said policy provided comprehensive general insurance coverage as follows (with inapplicable exclusions that are not set out herein):
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage A  bodily injury or

Coverage B  property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
*356 b. Said policy also provided personal injury liability insurance as follows (also deleting inapplicable exclusions):
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:
Group A  False arrest, detention or imprisonment, or malicious prosecution;
Group B  The publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy;
Group C  Wrongful entry or eviction, or other invasion of the right of private occupancy;
if such offense is committed during the policy period . . ., and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
5. a. The word "insured" is defined by the policy as "any person or organization qualifying as an insured in the `Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respects to the limits of the company's liability."
b. The applicable provisions of the policy that describe the "Persons Insured" under both the comprehensive general coverage (Finding No. 4a above) and the personal injury coverage (Finding No. 4b above) are identical and are as follows:
(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.
c. The "named insured" under this policy is defendant Krekeler Super Market, Inc., and is designated a corporation by the policy.
d. The policy applies to its coverage the following definition of an "occurrence":
an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

6. On September 20, 1971, defendant Donato instituted an action against defendant Krekeler in the Circuit Court of St. Louis County, Missouri. By his second amended petition against both Krekeler and Krekeler Supermarket, Inc., he alleged the following, in pertinent part:
4. That on the 6th day of September 1971, defendants did wrongfully enter upon the plaintiff's residence premises at 9504 Brewer Road, in the County of St. Louis, State of Missouri, and invaded plaintiff's right of private occupancy, and did maliciously, willfully, ruthlessly and viciously and intentionally punch, beat and strike the plaintiff about his body, thereby causing the plaintiff bodily harm and injuries as hereinafter alleged, and such contact was offensive to the sense of personal dignity of a reasonable person and caused plaintiff to suffer serious and permanent injuries, as hereinafter alleged.
5. That as a result of the aforesaid injuries on the part of the defendants. *357 plaintiff was caused to sustain the following injuries and actual damages: That plaintiff sustained a corneal abrasion of the left eye and a dilated left pupil and a pelpebral fissure of the eye on the left, which was wider than the opposite eye; there was some double vision on downward gaze experienced by plaintiff; plaintiff sustained a concussion of the brain; plaintiff sustained multiple contusions and abrasions about the face; that plaintiff sustained strains and sprains of the cervical area, pectoral girdle and dorsal and lumbar area; that the strength, mobility, weightbearing properties and ranges of motion of the plaintiff's neck and upper and lower back have been permanently impaired, lessened and restricted; that plaintiff suffered, suffers and will in the future suffer from much pain of body and anguish of mind; the plaintiff sustained a severe shock to all of his nerves and to all of his entire nervous system; that all of the aforesaid injuries are permanent; that plaintiff has incurred expenses for reasonable and necessary medical, x-ray and hospital care and attention in the approximate sum of $450, and plaintiff will in the future be necessarily caused to incur further sums for said services; the plaintiff has lost the earnings from his employment as a tailor in the approximate sum of $500 and plaintiff's ability to work, labor and earn a livelihood has been permanently impaired, lessened and restricted, all to plaintiff's damages in the sum of Twenty Thousand Dollars ($20,000.00).
WHEREFORE, plaintiff prays judgment against the defendants in the sum of Twenty Thousand Dollars ($20,000.00) actual damages, and further, for the intentional, malicious, willful, ruthless and vicious acts of the defendants aforesaid, in the further sum of Twenty Five Thousand Dollars ($25,000.00) punitive damages.
7. The incident described in paragraph 4 of Donato's second amended petition arose when Krekeler went to Donato's residence to collect money due him by reason of personal checks written by Donato's wife at Krekeler's store. The checks were returned for insufficient funds. Krekeler testified that he did fight with Donato, but in self-defense after Donato initiated the altercation.
8. Defendant, Norbert J. Krekeler, was an executive officer and a stockholder of the corporate defendant on September 6, 1971.

CONCLUSIONS OF LAW
Subject matter jurisdiction based upon diversity of citizenship is undisputed and does exist.
The parties agree that this action presents the following issues:
1. Is defendant Norbert J. Krekeler, as an individual, entitled to coverage under the subject policy?
2. Does defendant Donato's state court claim involve an "occurrence" under the comprehensive general coverage?
3. Is Donato's state court claim covered under the personal injury liability insurance, specifically for wrongful injury or other invasion of right of private occupancy?
4. In any event, is there coverage under either section for Krekeler or the corporation with respect to the punitive damages claim as opposed to the compensatory damage claim?

Comprehensive General Coverage
It is clear that Donato's state court petition alleges, in paragraph 4, that Krekeler committed the intentional tort of battery against him. The subject policy's comprehensive general coverage applies to "occurrences" and defines such as "an accident . . . neither expected nor intended from the standpoint of the insured."
Krekeler argues that, while he may have intentionally struck Donato, he did so in self-defense not intending to physically injure him. Assuming that Krekeler's defense of self-defense overcomes *358 Donato's claim, it is inescapable that Krekeler intended the movement of his own arm, the clenching of his fist, and the forceful contact between his fist and Donato's body. It belies reason to say that he did not intend to physically injure Donato. Why else the contact between fist and nose? At best, Krekeler can be heard to say that he did not intend the extent of Donato's injuries or that he would not have injured Donato had he not begun the altercation.
In support of his act-result distinction, Krekeler cites State Farm Mutual Auto. Ins. Co. v. Worthington, 405 F.2d 683 (8th Cir. 1968); and White v. Smith, 440 S.W.2d 497 (Spr.Mo.App.C.A.1969). The Court finds both cases inapposite to Krekeler's position.
The act-result distinction is inapplicable in a case, such as this, wherein both were intended. In consequence, the Court concludes that the policy definition of "occurrence", excluding intended bodily injury or property damage, excludes from coverage the claim and the damages for which Donato seeks recovery.

Personal Injury Liability
Krekeler next argues that Donato's claim and injuries are covered under the personal injury liability provisions of the policy. The Court disagrees. Donato's petition alleges that Krekeler wrongfully entered his residence and thereafter committed battery. The subject allegations of Donato's petition do not state a cause of action for any invasion of, wrongful entry onto, or wrongful remainder on, Donato's premises as Krekeler argues, even though the evidence may support such a cause of action. The Group C torts covered by the personal injury liability provisions (wrongful entry or eviction, or other invasion of the right of private occupancy) are not the basis for Donato's state court action.
Plaintiff Donato's allegations that the defendants wrongfully entered his residence and invaded his right to private occupancy appear intended to state a cause of action for the tort of trespass. However, the only alleged injuries and actual damages are those proximately caused by the subsequent alleged battery. The Court concludes that under the law of Missouri, no cause of action for trespass is alleged since no proximately caused injuries and actual damages are alleged. Young v. Home Telephone Co., 201 S.W. 635, 636 (K.C.C.A.Mo.App. 1918); Mawson v. Vess Beverage Co., 173 S.W.2d 606, 614 (S.L.C.A.Mo.App. 1943).
The Court, therefore, rules the second and third issues, set out above, in favor of the plaintiff. In consequence, the Court finds and concludes that plaintiff is not obligated to defend defendants Norbert J. Krekeler and Krekeler Super Market, Inc., in the aforesaid action pending in the Circuit Court of St. Louis County, Missouri, nor to pay any judgment that may be rendered against either of them therein.