HARTFORD ACCIDENT AND IN-
DEMNITY, Appellee,

v.

Norbert J. KREKELER and Krekeler Su-
permarket, Inc., d/b/a Indian Hills Tom
Boy, a corporation, Appellants.

No. 73–1523.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1974.

Decided Feb. 13, 1974.

Rehearing Denied March 4, 1974.

Samuel T. Vandover, St. Louis, Mo., for appellants.

Joseph M. Kortenhof, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and STE-PHENSON, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an action for declaratory judgment under 28 U.S.C. § 2201 brought by plaintiff Hartford Accident and Indemnity Company (Hartford) to determine the scope of coverage of an insurance policy issued by Hartford to defendant Krekeler Supermarket, Inc. It is conceded that such policy was in full force and effect at all times here material. Diversity of citizenship and the jurisdictional amount (28 U.S.C. § 1332) are asserted and established.

Defendants are Krekeler Supermarket, Inc., and Norbert J. Krekeler, president,

sole stockholder, sole director and manager of the corporation. Frank Donato was also made a defendant but he did not appear.

Frank Donato filed a suit in State court in St. Louis County, Missouri, to recover damages from Norbert J. Krekeler for trespass and a battery committed in connection therewith.[1] The issue presented is whether plaintiff by its policy covers such transaction so as to require it to defend Krekeler in the State court action. The trial court held there was no coverage. Its opinion, reported at 363 F.Supp. 354 (E.D.Mo.1973),[2] sets out findings of fact, conclusions of law and the basis of decision. The facts and pertinent provisions of the insurance policy are set out in the opinion.

The trial court determined plaintiff's policy provided two types of coverage, to wit: (1) Comprehensive general coverage which applies to "an accident * * * neither expected nor intended from the standpoint of the *insured*." (2) Personal injury liability. The court held that Krekeler was not covered by either type of insurance afforded. Krekeler does not attack the court's determination that comprehensive general coverage is not applicable. Hence, such determination requires no consideration.

Krekeler relies exclusively upon the personal injury liability provisions of the policy which in material part provide:

The company will pay on behalf of the *insured* all sums which the insured shall become legally obligated to pay as *damages* because of injury (herein called *"personal injury"*) sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the *named insured's* business:

\* \* \* \* \* \*

Group C—Wrongful entry or eviction, or other invasion of the right of private occupancy; \* \* \*[3]

In rejecting coverage for personal injury liability the court stated:

Plaintiff Donato's allegations that the defendants wrongfully entered his residence and invaded his right to private occupancy appear intended to state a cause of action for the tort of trespass. However, the only alleged injuries and actual damages are those proximately caused by the subsequent alleged battery. The Court concludes that under the law of Missouri, no cause of action for trespass is alleged since no proximately caused injuries and actual damages are alleged. Young v. Home Telephone Co., 201 S. W. 635, 636 (K.C.C.A.Mo.App.1918); Mawson v. Vess Beverage Co., 173 S. W.2d 606, 614 (S.L.C.A.Mo.App.1943.) 363 F.Supp. at 358.

The cases cited and relied upon by the trial court are distinguishable from the facts and pleadings in the case before us. In *Mawson* the injury occurred when plaintiff, at a time subsequent to the trespass, attempted to take down signs erected by the trespasser. In *Young* the telephone company had erected poles on plaintiff's land without plaintiff's consent. Plaintiff sought to collect what the court considered to be a

---

1. Donato in his complaint alleges:

That on the 6th day of September 1971, defendants did wrongfully enter upon the plaintiff's residence premises at 9504 Brewer Road, in the County of St. Louis, State of Missouri, and invaded plaintiff's right of private occupancy, and did maliciously, willfully, ruthlessly and viciously and intentionally punch, beat and strike the plaintiff about his body, thereby causing the plaintiff bodily harm and injuries as hereinafter alleged, and such contact was offensive to the sense of personal dignity of a reasonable person and caused plaintiff to suffer serious

and permanent injuries, as hereinafter alleged.

2. The court's reported opinion bears an April 16, 1973, date which is the date of filing of the court's original opinion. On motion of Krekeler, the court amended its opinion by order filed June 1, 1973. The reported opinion incorporates the June 1, 1973, amendments.

3. The liability insurance provisions are set out in greater detail at p. 356 of 363 F. Supp.

rental of $5.00 per month for each pole. The court held that no rental could be collected as no landlord-tenant relationship had been established. The court also observed that the petition contained "no allegation setting forth the character and amount of damages recoverable for trespass."

In the case before us, the pleadings as set out in footnote 1 *supra* indicate that the battery immediately followed the trespass. The trespass made the battery possible.

The record discloses that Donato's wife had cashed checks at Krekeler's Supermarket for $50.00 and $5.00 which were returned unpaid. On February 19, 1971, Donato called at the market and paid $10.00 upon such checks but made no additional payments. On September 6, 1971, Krekeler went to Donato's home to attempt to collect the balance. Krekeler knocked at the door, Donato's son answered the knock, and at Krekeler's request called his father to the door. A heated exchange of words at the door, followed by a fight, took place as a result of which Krekeler landed inside the house. There is a factual dispute as to who was the aggressor and with respect to the details of the fight. Such issues can best be resolved by the jury in the suit pending in the State court. All that is before us with respect to Donato's version is a deposition which he filed in the State court.

In Hickey v. Welch, 91 Mo.App. 4 (1901), a lady was permitted to recover damages for personal injuries which the jury found she sustained by reason of a forcible trespass committed on her residence property. The court stated:

> Moreover, the evidence tends to show the defendant's entrance and acts on plaintiff's premises constituted a forcible trespass, for which she is entitled to compensation; and her anguish on account of his violent and abusive conduct may be taken into account in connection with the trespass in aggravation of the damages. 91 Mo.App. at 14.

In Bouillon v. Laclede Gaslight Co., 148 Mo.App. 462, 129 S.W. 401 (1910), the trial court's dismissal of an action founded on a trespass on plaintiff's property was reversed. The court cited and followed *Hickey* and in the course of its opinion stated:

> Plaintiff is assured peaceful repose of her home against unwarranted intrusion from others. A trespasser is liable to respond in damages for such injuries as may result naturally, necessarily, directly, and proximately in consequence of his wrong. This is true for the reason the original act involved in the trespass is unlawful. Wyant v. Crouse, 127 Mich. 158, 86 N.W. 527, 53 L.R.A. 626. As to what matters do so result depends upon the particular facts of each case. The consequence may be one thing in one case and something different in another, but, be this as it may, if an injury is directly traceable to the unlawful invasion of plaintiff's right as the proximate cause, a recovery may be had therefor. 129 S.W. at 402.

Restatement Torts 2d, § 162 reads:

> Extent of Trespasser's Liability for Harm. A trespass on land subjects the trespasser to liability for physical harm to the possessor of the land at the time of the trespass, or to the land or to his things, or to members of his household or to their things caused by any act done, activity carried on, or condition created by the trespasser, irrespective of whether his conduct is such as would subject him to liability were he not a trespasser.

*See also* Comment *f* under such section and Reporter's Notes to § 162 in Restatement Torts 2d App. To like effect, see 87 C.J.S. Trespass § 115, and 52 Am.Jur. Trespass, §§ 51 and 56.

In Lane v. Hartford Fire Insurance Co., 343 F.Supp. 79 (E.D.Mo.1972), Judge Webster held:

> Under Missouri law, the duty of a liability insurer to defend pursuant to its agreement is ordinarily determined by comparing the language of the in-

surance contract and the allegations of the petition or complaint in the action brought by the person injured or damaged against the insured. 343 F. Supp. at 82.

\* \* \* \* \* \*

Courts have generally placed the burden of uncertainty as to a policy's coverage on the insurer. Where the allegations of a plaintiff's complaint, albeit ambiguous, state a claim which is potentially or arguably within the policy's coverage, the insurer must accept defense of the claim. 343 F.Supp. at 84–85.

This court has approved and applied the same principles in Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 536 (8th Cir. 1970).

█ When the foregoing principles are applied to the pleadings and facts of this case, we are satisfied that the plaintiff is required to defend Donato's State suit against Krekeler. The court erred in holding otherwise.

Plaintiff's contention that Krekeler is not covered by its policy on the ground that he does not qualify as "a person insured" lacks merit. The policy provides:

Each of the following is an *insured* under this insurance to the extent set forth below:

\* \* \* \* \* \*

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

█ The named insured is in the policy as Krekeler Supermarket, Inc., the corporation. Krekeler clearly qualifies as an executive officer of the corporation acting within the scope of his duties in his effort to collect the Donato bad checks. The trial court did not hold otherwise on this issue.

█ Hartford makes the additional contention that no coverage exists with respect to punitive damages claimed by Donato. The trial court did not reach this issue. The issue is not properly before us. " \* \* \* (O)nce a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit even though other claims in the complaint fall outside of the policy's coverage." Babcock & Wilcox Co., *supra,* p. 537 of 430 F.2d. The punitive damage issue, if it becomes material, can be more appropriately resolved in the State court proceedings. We express no view as to the merits of Donato's claim.

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with the views herein expressed.