## EVELYN G. NEWSOM *vs.* JOSEPH MEYER, JR.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A trespasser is liable not only for the direct and proximate results of his wrongful acts, but also for those which are indirect and consequential.

Prior to the commencement of his lease of the plaintiff's summer cottage, the defendant and his wife made a visit of inspection, during which the plaintiff's housekeeper, unknown to the plaintiff, handed defendant's wife a key in order that she might lock the house. Without permission to do so, the defendant remained there during the night, built a fire in the fireplace, and, on the following morning, having lighted a kerosene water heater which was located within fifteen inches of the woodwork of a partition, left the cottage to visit a neighboring golf course. Shortly thereafter the cottage and its contents were completely destroyed by a fire which originated near the kerosene heater. *Held:*

1. That the defendant's possession of the cottage at the time of the fire was that of a trespasser and not that of a licensee.
2. That upon the facts found he was liable for the value of the house and its contents, since their destruction was the proximate result of his trespass.

Argued January 6th—decided February 23d, 1925.

ACTION to recover damages for the loss by fire of the plaintiff's shore cottage during its alleged unlawful occupancy by the defendant, brought to the Superior Court in Middlesex County and tried to the court, *Hinman, J.;* judgment rendered for the plaintiff for $2,139, and appeal by the defendant. *No error.*

*Ernest A. Inglis* and *Curtiss S. Bacon,* for the appellant (defendant).

*William B. Ely,* for the appellee (plaintiff).

PER CURIAM.  On April 9th, 1923, the plaintiff leased her cottage, which was in process of building and to be completed by June 1st, 1923, to defendant from June 1st to October 1st, 1923.  Defendant's wife wrote plaintiff on May 15th, 1923, asking her to meet defendant and herself on May 26th, 1923, at the cottage, that they might inspect it and its furnishings.  No mention was made in this letter of defendant's intention to occupy the cottage on May 26th.  At this time defendant and his wife inspected the cottage and, at the request of defendant's wife, permission was granted by plaintiff to her to bring in to the house some bedding and clothing which they had brought in their automobile.  Defendant offered to transport plaintiff, her husband and their housekeeper to their home, and the latter, without plaintiff's knowledge, left with the defendant's wife a key to the cottage in order that she and her child might not have to remain outside in the chilly weather while defendant was going to plaintiff's home, and so that defendant's wife might lock up the cottage when defendant should return. Defendant returned and took his wife and child to a hotel, but failing to secure accommodations, defendant ordered a five-gallon can of kerosene delivered at the cottage, and then proceeded to the cottage with his wife and child and remained there over night.  Defendant built a fire in the fire place of the cottage that evening and next morning filled the water heater with kerosene and lighted it for the purpose of heating water, and then with his child went to the Inn for breakfast.  This heater was located in the cottage fifteen inches from the woodwork of a partition.  Upon defendant's return to the cottage he proceeded with his wife and child to the golf course.  Within a half hour after arriving at the golf course the cottage was discovered in flames, which destroyed it and the furni-

ture within. The fire originated inside the building at or near the location of the kerosene water heater and was not communicated from the outside. The defendant took possession of and occupied this cottage without the knowledge or consent of the plaintiff, and the destruction of the cottage and the furniture was due to the unlawful possession by the defendant of the cottage.

The defendant's motion to correct the finding by adding that the fire in the fire place had been extinguished before defendant retired, and that in the water heater before defendant went to the golf course, is dependent upon the testimony of defendant. We cannot hold that the court ought to have credited this testimony. The motion to strike out the paragraph of the finding which states the place in the cottage where the fire originated, is not well taken. This was a fair inference from the evidence and seems a most reasonable one to have made. The defendant's claims are two: (1) that at the time of the fire he was in possession of the cottage as a licensee and not as a trespasser, and (2) that no act or acts of his while in possession of the cottage were the proximate and direct cause of this fire. The facts found, that the defendant returned to this cottage and remained in it over night and built a fire therein, all without the plaintiff's permission, make the conclusion inevitable that defendant's possession was not that of a licensee but that of a trespasser. *Wetzel* v. *Satterwhite,* 59 Tex. Civ. App. 1, 125 S. W. 93; note to *Wyant* v. *Crouse,* 53 L. R. A. 634 (127 Mich. 158, 86 N. W. 527).

A trespasser is liable for injuries resulting directly and proximately, and also for those which are indirect and consequential. *Dennison* v. *Hyde,* 6 Conn. 508, 520; note to *Wyant* v. *Crouse, supra.*

The finding is clear that the destruction of the cot-

tage and its contents resulted proximately from defendant's acts while a trespasser, and hence he is liable for the damage caused by his unauthorized acts.

There is no error.