ALLSTATE FIRE INS. CO., APPELLEE, *v.* SINGLER, a MINOR, APPELLANT.
ALLSTATE FIRE INS. CO., APPELLEE, *v.* SCHWIER, a MINOR, APPELLANT.

(Nos. 40833 and 40835—Decided April 3, 1968.)

*Mr. Donald A. Fisher,* for appellee.
*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Don Burkholder,* for appellant, Jackie Lee Singler.
*Mr. Vernon C. Hoffman,* for appellant, John LeRoy Schwier.

O'NEILL, J. The trial judge, in his charge, submitted this case to the jury upon the theory that it was a negligence case. Appellee contends here, as did the Court of Appeals in its opinion, that this was, in fact, a trespass case for the reason that the appellants were trespassing on the land of the insured and that the appellant, Singler, committed an intentional tort when he set fire to a box on the land of the insured, which fire spread to the building and caused the damage.

A thorough examination of the record discloses that while to some degree the evidence is conflicting regarding the actual location of the box which was set afire, all the evidence indicates that the box was on the premises of the insured when Singler set it on fire. There is no evidence that the box was not on the premises of the insured. Although the witnesses made different estimates as to how far

the box was from the building, no one testified that the box which was set afire was in the alley.

All the testimony with regard to the distance between the rear of the building and the alley, called Railroad Avenue, and all the testimony with regard to the location of the box at the time it was set afire, support the conclusion that the appellant, Singler, was trespassing on the land of the insured at the time he put the match to the box.

In defining liability for intentional intrusion on land, Restatement of the Law, Torts, 2d, Section 158, states that "one is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally

"(a) enters land in the possession of the other * * *."

As a first requisite, then, the fact of unauthorized entry must be alleged and proved. But to recover compensatory damages, it is necessary to prove that the trespass proximately caused the harm for which compensation is sought and to prove the amount of the damage. 1 Restatement of the Law, Torts, Section 163; 1 Harper & James, Torts, Section 1.8.

In Ohio, the rule is clearly stated in *Keesecker* v. *G. M. McKelvey Co.* (1943), 141 Ohio St. 162, 166, 47 N. E. 2d 211, as follows:

"A 'trespasser' may be defined as one who unauthorizedly goes upon the private premises of another without invitation or inducement, express or implied, but purely for his own purposes or convenience; and where no mutuality of interest exists between him and the owner or occupant. * * *"

This court ruled in that case that a trespasser was liable, "if his trespass was the proximate cause" of the damage or if such damage was suffered as a direct result of the hazard or risk he created. *Id.*, at 168, 47 N. E. at 214. See, also, *Brabazon* v. *Joannes Bros. Co.* (1939), 231 Wis. 426, 286 N. W. 21; *Newsom* v. *Meyer* (1925), 102 Conn. 93, 128 A. 699; *Wyant* v. *Crouse* (1901), 127 Mich. 158, 86 N. W. 527.

Therefore, appellant Singler, who was a trespasser upon the insured's premises, is, as a matter of law, liable in damages for the harm if his intentional tort in setting the fire was the proximate cause of the damage by fire to the insured's building.

The Court of Appeals was correct in its statement of the law that a trespasser, who commits an intentional tort, is liable for damage proximately caused by the commission of such intentional tort. However, the Court of Appeals was in error in entering final judgment for the appellee because, on the state of the record, the questions of proximate cause and damages were jury questions.

With regard to case No. 40833, in which appellant Singler is the defendant, the judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for retrial on the questions of proximate cause and damages.

With regard to case No. 40835, in which appellant Schwier is the defendant, an examination of the record requires the conclusion that there is no evidence that Schwier actively participated or agreed with appellant Singler to set fire to the box behind the food store. Therefore, appellant Schwier can not be held liable for any of the damage to the insured's premises. See 1 Restatement of the Law, Torts, Sections 875 and 876; 1 Harper & James, Torts, Section 10.1; Prosser, Torts (3d ed. 1964), 258 *et. seq.*; see, also, *Bloom* v. *Leech* (1929), 120 Ohio St. 239, 166 N. E. 137; *Bell* v. *Miller* (1831), 5 Ohio 251; *Flandermyer* v. *Urbanowitz* (1907), 21 C. C. (N. S.) 128, affirmed without opinion, 79 Ohio St. 450, 87 N. E. 1142.

Accordingly, in case No. 40835, the judgment of the Court of Appeals is reversed and final judgment entered for the appellant Schwier.

*Judgments reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.