KREJCI, APPELLANT, *v.* HALAK
ET AL., APPELLEES.

(No. 50192—Decided
June 30, 1986.)

*John V. Jackson II,* for appellant.
*John Carlin,* for appellees.

JACKSON, P.J.  Appellant Dale Krejci was hired by the city of North Royalton as a police patrolman in 1973. In 1983, appellant was appointed to the rank of sergeant. Before the expiration of his probationary period, however, appellant was reduced in rank to patrolman because of allegedly unsatisfactory performance. A five-day suspension was levied against appellant in February 1984, based on alleged misstatements contained in appellant's original job application.[1]

Appellant commenced the case at bar in March 1984 by filing a complaint in common pleas court. The complaint named the city of North Royalton and several municipal officials as defendants, and included five counts: defamation, invasion of privacy, tortious interference with contractual relations, infliction of emotional distress, and violation of civil rights.

The case went to trial on January 24, 1985, against Mayor John Halak, Police Chief James Zindroski, Law Director Robert Sindyla, and three

[1] A subsequent appeal to the civil service commission was resolved in appellant's favor, and the suspension order was vacated.

1

members of the civil service commission. Prior to the commencement of the jury trial, defense counsel made a series of oral motions *in limine*, requesting dismissal of all or part of the complaint. After counsel had argued the *facts* of the case at length, the court dismissed counts two, three, and five, over the vigorous objection of plaintiff-appellant's counsel. After having been denied an immediate appeal, appellant proceeded to present evidence as to the two remaining counts, defamation and infliction of emotional distress.

The trial court directed a verdict in favor of the three members of the civil service commission at the close of the appellant's case. After all the evidence was heard, the court ruled "as a matter of law that this plaintiff lied," and directed a verdict in favor of Halak and Sindyla on the defamation count. The jury then returned its verdicts. Halak was found to be liable to appellant in the amount of $300,000 for compensatory damages and $750,000 for punitive damages. Zindroski was found to be liable to appellant in the amount of $150,000 for compensatory damages and $300,000 for punitive damages. The jury found in favor of the third defendant, Sindyla.

A week after the jury returned its verdict, appellees moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial. On the same day, appellant filed an affidavit for the disqualification of the trial judge. See R.C. 2701.03. On March 14, 1985, Chief Justice Celebrezze ruled:

"The affidavit of prejudice filed herein not being well-taken is hereby ordered dismissed and held for naught."

Subsequently, defendants-appellees' motion for judgment n.o.v. was denied, but the trial court granted a motion for new trial. In a ten-page order, the trial judge expressed his belief that the verdicts against Halak and Zindroski were excessive, motivated by passion and prejudice, and grossly against the weight of the evidence.

Appellant Krejci appeals, and presents three assignments of error for review by this court.

## I

Appellant argues in his first assigned error that the jury verdict was not excessive, that it was supported by substantial relevant and probative evidence, and that the granting of a new trial was an abuse of discretion and reversible error.

Civ. R. 59(A) authorizes a trial court to grant a new trial for any of the following reasons[2]:

"(1) Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

"(2) Misconduct of the jury or prevailing party;

"(3) Accident or surprise which ordinary prudence could not have guarded against;

"(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

---

[2] In addition, Civ. R. 59(D) provides:

"(D) On initiative of court. Not later than fourteen days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party.

"The court may also grant a motion for a new trial, timely served by a party, for a reason not stated in the party's motion. In such case the court shall give the parties notice and an opportunity to be heard on the matter. The court shall specify the grounds for new trial in the order."

"(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

"(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

"(7) The judgment is contrary to law;

"(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

"(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

"In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

When a trial court grants a new trial on the ground that the evidence does not support the jury's verdict, such action rests within the discretion of the trial court. See *Poske* v. *Mergl* (1959), 169 Ohio St. 70, 8 O.O. 2d 36, 157 N.E. 2d 344. Considerable deference generally is afforded to the trial court's decision where the motion for new trial involves questions of fact:

"*[T]he generally accepted rule is that a reviewing court should view the evidence favorably to the trial court's action rather than to the jury's verdict.* The predicate for that rule springs, in part, from the principle that the discretion of the trial judge in granting a new trial may be supported by his having determined from the surrounding circumstances and atmosphere of the trial that the jury's verdict resulted in manifest injustice." (Emphasis added.) *Jenkins* v. *Krieger* (1981), 67 Ohio St. 2d 314, 320, 21 O.O. 3d 198, 202, 423 N.E. 2d 856, 861.

The following standard of review is therefore applicable in a case such as this:

"Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court." *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, 52 O.O. 2d 376, 262 N.E. 2d 685, paragraph one of the syllabus, cited with approval in *Antal* v. *Olde Worlde Products, Inc.* (1984), 9 Ohio St. 3d 144, 9 OBR 392, 459 N.E. 2d 223.

This does not mean that the trial court's discretion in such matters is entitled to "carte blanche" acceptance on review. Cf. *Jenkins, supra,* at 324, 21 O.O. 3d at 204, 423 N.E. 2d at 863 (C. Brown, J., concurring in part and dissenting in part); *Rohde, supra,* at 98, 52 O.O. 2d at 385, 262 N.E. 2d at 695 (Herbert, J., concurring). When and if a trial court abuses its discretion in granting a new trial, this court will reverse.

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' " *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142, quoting *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149.

In the case at bar, we have reviewed the reasons articulated by the trial court in support of its decision, see *Antal, supra,* syllabus, and find them to be adequate.

Moreover, this court has thoroughly reviewed the transcript and the complete record of proceedings below. While we are persuaded that appellant is clearly entitled to damages, we are not convinced that the evidence adduced at trial supports the enormous damages awarded by the jury herein.

Since we are required to review the evidence favorably to the trial court's action rather than to the original jury verdict,[3] we cannot say that the trial court was not justified in ordering a new trial. Consequently, we do not find the decision of the trial court to be unreasonable, arbitrary or unconscionable. The first assigned error is overruled.

## II

In his second assigned error, appellant contends that trial court committed reversible error by granting defendants' oral motion *in limine* dismissing three counts of his complaint.

The trial court dismissed three counts of appellant's complaint after an impromptu oral discussion with counsel immediately prior to the commencement of the trial. It is apparent, from our perusal of the record, that the trial court relied on defense counsel's characterization of the "facts" in the case. However, at that point in the trial not a single witness had taken the stand. No affidavits, stipulations, or admissions were submitted. See Civ. R. 56. Nor did the court find "beyond doubt from the complaint that the plaintiff [could] * * * prove no set of facts entitling him to recovery." *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus; Civ. R. 12(B)(6).

The trial court stated that it was "acting on a motion *in limine,* period." A motion *in limine* has been described by the Franklin County Court of Appeals as follows:

"While a motion *in limine* is a most useful procedural device, it is frequently misused and misunderstood. A motion *in limine* may be used in two different ways: (1) as the equivalent of a motion to suppress evidence, which is either not competent or improper because of some unusual circumstance; and (2) as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. * * *" *Riverside Methodist Hosp. Assn.* v. *Guthrie* (1982), 3 Ohio App. 3d 308, 310, 3 OBR 355, 357, 444 N.E. 2d 1358, 1361.

Clearly, a motion *in limine* cannot properly be used as a vehicle to circumvent the requirements of the Civil Rules.

This court does not doubt that the trial judge was sincere in his belief that portions of appellant's complaint would merely "muddy the waters" of an already complex trial. However, we are mindful that defense counsel bears the primary burden for disposing of meritless or spurious claims, by means of timely motions prepared and submitted in accordance with the Civil Rules.

We express no opinion on the merit or validity of counts two, three, and five of appellant's complaint. Nevertheless, we agree with the contentions of appellant that the trial court erred in dismissing three counts of appellant's complaint under the circumstances herein. Appellant's second assignment of error is sustained.

## III

In his third assigned error, appellant argues that the trial court committed reversible error when it

---

[3] "[W]here the appeal is from the granting of a motion for new trial, and the trial court's decision on the motion for new trial involves questions of fact, it has been held that the appellate court should view the evidence favorably to the trial court's action rather than to the original jury's verdict. * * *" *Rohde, supra,* at 94, 52 O.O. 2d at 382, 262 N.E. 2d at 692.

directed the jury, as a matter of law, that appellant had lied on his employment application and when it directed verdicts as to defendants Halak and Sindyla.

Because we have upheld herein the decision of the trial court ordering a new trial, we deem it unnecessary to decide whether the evidence adduced at the first trial justified a directed verdict. If the same motion is presented at the second trial, the trial court's ruling must be guided by Civ. R. 50 and the evidence adduced at the second trial. Therefore, any further discussion at this time would be pointless.

Appellant's third assignment of error is overruled.

Accordingly, the decision of the trial court, granting the motion for a new trial, is affirmed. The cause is remanded to the court of common pleas for a new trial on the original complaint and further proceedings consistent with this opinion.

*Judgment accordingly.*

NAHRA and CORRIGAN, JJ., concur.

NAHRA, J., concurring. I concur separately to make several points.

I find that the trial court's granting of a new trial is sustainable on one ground. Civ. R. 59(A)(5) empowers the trial court to grant a new trial if it determines that the amount of the recovery is too large when compared to the injury. This rule makes this decision a matter of discretion for the trial court. *Rhode* v. *Farmer* (1970), 23 Ohio St. 2d 82, 52 O.O. 2d 376, 262 N.E. 2d 685. Although I disagree with the trial court's decision, I do not find it amounts to an abuse of discretion. A remittitur may have been in order. Krejci's evidence, if believed, reveals an outrageous course of conduct against him. Krejci took an exam for sergeancy and had the second highest grade, which made him second in line for the promotion. The highest scorer was promoted, but when the next opening occurred for sergeant, Mayor Halak "terminated" the list to avoid promoting Krejci. Krejci then went to court and received a judgment ordering him to be promoted.

The city complied with the letter of the court's order; however, the defendants used a provision requiring a probationary period to later deny Krejci the promotion.

Additionally, the defendants dredged up Krejci's eleven-year-old employment application. They alleged he had given three distinct pieces of false information. He allegedly lied about his residency, his status as a high school graduate, and whether he had received any traffic violations. *Eleven years* after the fact, defendants suspended Krejci over the application.

The suspension was made without ever interviewing Krejci. Krejci had an explanation for each statement. However, more tellingly, he was able to prove that the hiring authority was aware of the basis of each charge prior to his being hired. The mayor at that time had listened to Krejci's explanation and then decided to hire him.

Krejci's evidence demonstrated that in all likelihood the defendants were aware of the prior decision of the hiring authority. It is clear that basic investigation, such as interviewing Krejci, would have revealed the earlier decision of the hiring authority.

The civil service commission reinstated Krejci after a hearing. Commission members testified that the existence of the prior decision was determinative.

· The actions of the defendants were consistent with a pattern of using their offices to abuse an employee who had offended them. Krejci's evidence indicated the existence of a grudge on the part of Halak stemming from Krejci's performance of his duties as juvenile officer. Halak's children were chronically truant and Krejci became involved in their case as a juvenile officer.

The evidence of the defendants' misuse of their offices in order to subject an employee to a series of vengeful job-related censures gave the jury a sufficient basis to conclude their conduct was " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, 375, 6 OBR 421, 426, 453 N.E. 2d 666, 671.

The trial court, in its discretion, has decided that the award is disproportionate to the damages. This decision will require a retrial.

At retrial, the plaintiff should be permitted to introduce evidence of the circumstances surrounding his demotion. The trial court erroneously determined that evidence of the defendants' actions relating to the demotion was inadmissible. This decision was premised on this court's decision that a writ of mandamus would not be issued to compel a hearing into the circumstances surrounding the demotion of a probationary officer.

This court's prior decision does not prevent the introduction of evidence relating to the demotion, which would tend to show that the demotion was calculated to injure the probationary officer. Evidence of this tenor is relevant and admissible in this case.