WINSON, Appellant; Winson, Cross–Appellee,

v.

FAUTH et al.; Pine Brook Golf Course, Appellee and Cross–Appellant.

[Cite as *Winson v. Fauth* (1989), 63 Ohio App.3d 738.]

Court of Appeals of Ohio,
Lorain County.

No. 89CA004490.

Decided Aug. 9, 1989.

*Michael F. Becker,* for appellant and cross-appellee.

*Philip J. Weaver, Jr.,* for appellee and cross-appellant.

---

CACIOPPO, Presiding Judge.

On June 10, 1984, the decedent, Kelly Winson, was driving a vehicle northbound on Durkee Road in which her sister, Kathy Winson, was a passenger. They stopped at the intersection of Durkee and Butternut Ridge Roads, and pulled out; a collision occurred resulting in fatal injuries to Kelly and serious injuries to Kathy.

At the time of the accident, the appellee/cross appellant, Pine Brook Golf Course ("Pine Brook"), had placed a sign at the southwest corner of said intersection. The sign obstructed the view of motorists north bound on Durkee Road as to the westbound traffic on Butternut Ridge Road.

A complaint was filed by Kathryn Reed Winson on behalf of her two daughters Kelly and Kathy. A wrongful death claim was asserted on behalf of Kelly's estate and a personal injury claim was asserted on behalf of Kathy. Both claims were brought against Richard Fauth and Pine Brook.

Prior to trial, the claims against Richard Fauth were settled and dismissed. Trial commenced on December 19, 1988. The jury returned general verdicts in favor of Pine Brook.

Kathy and Kelly's estate separately moved for new trials. The court granted Kathy's motion and overruled the motion of Kelly's estate.

Kelly's estate appeals claiming error in the trial. Pine Brook filed a cross-appeal claiming error in the granting of a new trial to Kathy.

### Appellant's Assignments of Error

"I. The trial court erred by ruling that the decedent was negligent, as a matter of law.

"II. The trial court erred by ruling, as a matter of law, that decedent's negligence was a proximate cause of her own death."

Kelly's estate contends that the court erred in ruling as a matter of law that Kelly was negligent and that such negligence was a proximate cause of her own death.

In reviewing a directed verdict, this court, without weighing the evidence, must construe the evidence most strongly in favor of the nonmoving party and determine whether reasonable minds could come to but one conclusion on the evidence submitted, that conclusion being adverse to such party. If so, a directed verdict should be affirmed. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 284, 21 O.O.3d 177, 178, 423 N.E.2d 467, 469.

In the case at bar, Kathy testified that Kelly was very familiar with the intersection. The record shows that Kelly pulled out into the path of the oncoming vehicle with insufficient time for the collision to be avoided. It was testified to and admitted that Kelly failed to yield the right-of-way in violation of R.C. 4511.43, and such failure was a cause of the accident.

Applying the standard set forth in this opinion, this court finds that the trial court did not err in directing the verdict as to Kelly's negligence and that such negligence was a proximate cause of her death. Accordingly, Kelly's estate's assignments of error are overruled.

### Cross–Appellant's Assignments of Error

"I. The trial court erred in failing to state the grounds for its decision to grant a new trial to Kathryn Ross Winson.

"II. The trial court erred in granting a new trial to Kathryn Ross Winson on the basis of an inconsistent answer of the jury to an interrogatory in the

separate, companion case because the law does not require consistency in answers of a jury to separate interrogatories in two separate causes.

"III.  The trial court erred in granting a new trial to Kathryn Ross Winson on the basis of an inconsistent answer to interrogatory in a separate, companion case because to do so required the court to speculate that the answer given in the companion case is the 'correct' answer.

"IV.  The court erred in granting a new trial to Kathryn Ross Winson on the basis of an inconsistent answer by the jury to an interrogatory in a separate, companion case because the error, if any, was waived."

Civ.R. 59(A) provides that "[w]hen a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted." The basis for granting the new trial must be specifically stated "in order to allow a reviewing court to determine whether the trial court erred in its discretion in ordering a new trial." *Antal v. Olde Worlde Products, Inc.* (1984), 9 Ohio St.3d 144, 9 OBR 392, 459 N.E.2d 223, at syllabus.

The record of the case at bar reveals that the trial court articulated no reasons as to why a new trial was granted.

Accordingly, Pine Brook's first cross-assignment of error is sustained.

The trial court's decision as to Kelly's estate's appeal is affirmed.  However, the case is remanded to the trial court for the court to explain the reasoning behind its decision in granting Kathy a new trial.

> *Judgment affirmed in part,*
> *reversed in part*
> *and cause remanded*
> *with instructions.*

QUILLIN and REECE, JJ., concur.