ANDONIAN et al., Appellants,

v.

A.C. & S., INC. et al., Appellees.

[Cite as *Andonian v. A.C. & S., Inc.* (1994), 97 Ohio App.3d 572.]

Court of Appeals of Ohio,
Summit County.

No. 16472.

Decided Sept. 7, 1994.

*A. Russell Smith* and *R. Bryan Nace,* for appellants.

*Robert Bunda,* for appellees.

———————

COOK, Judge.

Appellants, John Gladman, John Posan, Delmar Pursley, and French Riggins, appeal from a trial court order granting appellee Owens–Illinois, Inc. a directed verdict as to appellants' concert of action claim. Owens–Illinois cross-appeals, asserting several errors in the trial court's jury instructions and handling of punitive damages issues. We affirm the directed verdict because appellants fail to show that reasonable minds could come to more than one conclusion on the concert of action claim. We decline to render an advisory opinion on Owens–Illinois' cross-appeal.

Appellants are former tire workers who worked at various Summit County rubber plants. They claim that they were exposed to Kaylo, an insulation product, while employed at these plants. They assert that this alleged exposure caused asbestos-related illnesses.

Owens–Corning Fiberglass, Inc. ("Owens–Corning") currently owns and produces Kaylo. Owens–Corning purchased the rights to Kaylo from Owens–Illinois in 1958. Owens–Illinois developed and patented Kaylo. Owens–Illinois also manufactured and sold Kaylo until 1958; much of this Kaylo was sold to Owens–Corning, which then resold it.

As their sole assignment of error, appellants claim that "[t]he trial court erred in granting [Owens–Illinois'] motion for directed verdict regarding [appellants'] concert of action theory of liability." Owens–Illinois cross-appeals on five separate issues concerning jury instructions and punitive damages.

## I. *Appellants' Concert of Action Claim*

■ Civ.R. 50(A) establishes the standard for reviewing directed verdict motions. The court must construe, but not weigh, the evidence most strongly in favor of the nonmoving party and, in order to grant the motion, must find that reasonable minds could come to but one conclusion which is adverse to the nonmoving party. Civ.R. 50(A)(4); *Winson v. Fauth* (1989), 63 Ohio App.3d 738, 740, 580 N.E.2d 44, 46.

Appellants base their argument on Restatement of the Law 2d, Torts (1979) 315, Section 876. This section is divided into three parts; only part (b) is relevant here. This section states that "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he * * * (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself * * *."

■ We must first consider whether Ohio recognizes Section 876. Ohio has not definitively adopted this section and few Ohio cases have applied it. The Supreme Court of Ohio has never expressly approved Section 876; however, it has cited this section in two cases. *See Great Cent. Ins. Co. v. Tobias* (1988), 37 Ohio St.3d 127, 130–131, 524 N.E.2d 168, 171–173; *Allstate Fire Ins. Co. v. Singler* (1968), 14 Ohio St.2d 27, 30, 43 O.O.2d 43, 45, 236 N.E.2d 79, 81. We need not determine whether Ohio recognizes Section 876 because we conclude that appellants did not prove the elements necessary to sustain a claim under that section.

We next address appellants' argument concerning the applicability of Section 876 as a basis for liability in this case. Section 876(b) requires two elements: (1) knowledge that the primary party's conduct is a breach of duty and (2) substan-

tial assistance or encouragement to the primary party in carrying out the tortious act. Appellants allege that Owens–Illinois knew of tortious conduct by Owens–Corning through test results showing specific dangers of Kaylo. As for the element of "assisting or encouraging," appellants cite Owens–Illinois' role in creating Owens–Corning, its ownership of Owens–Corning stock, its sale of the Kaylo rights to Owens–Corning, and its manufacture of Kaylo boxes for Owens–Corning after selling the rights.

Construing the evidence most strongly in favor of appellants, we find that the trial court did not err in concluding that appellants had not shown that Owens–Illinois knew of Owens–Corning's allegedly tortious conduct. To support the "knowledge" element, appellants point only to studies, commissioned by Owens–Illinois, which revealed the possibility of illnesses befalling persons working with Kaylo. Importantly, however, these studies contemplated the risks to two types of workers: employees at the point of Kaylo manufacture and employees installing Kaylo. See Plaintiff's Exhibit PX–537 (letter from U.E. Bowes, Owens–Illinois' Director of Research, to Dr. L.U. Gardner at Saranac Laboratories). This evidence does not permit the conclusion that Owens–Illinois knew or should have known that Kaylo was harmful to persons whose exposure to Kaylo was limited to working in buildings where Kaylo had been installed. Appellants cite no other evidence that establishes the knowledge necessary to support a Section 876 concert of action claim. We therefore conclude that the trial court properly granted Owens–Illinois' directed verdict motion.

Because we have determined that the directed verdict was supported by the absence of evidence on the knowledge element, we will not examine whether it was also supportable on the element of substantial assistance.

Appellants' assignment of error is overruled.

## II. *Owens–Illinois' Cross–Appeal*

Owens–Illinois asserts five errors in its cross-appeal. According to Owens–Illinois, the trial court erred in instructing the jury on appellants' strict liability design defect theory, in instructing the jury on the consumer expectation test for determining whether the product was defective in design, and in instructing the jury on strict liability failure to warn. Owens–Illinois also argues that in future cases, the trial court should adopt a clear and convincing standard for instruction on punitive damages and should bifurcate trials on the issue of punitive damages amounts.

We decline Owens–Illinois' invitation to rule on these issues. As we stated in *Joreski v. Teeple* (1989), 62 Ohio App.3d 712, 716, 577 N.E.2d 419, 421, "[t]his court is loath to issue advisory opinions which do not serve to materially

advance correct disposition of the matter on appeal." We will not issue a decision which does not affect the case before us. Owens–Illinois prevailed at trial despite the trial court's alleged errors. Any ruling, therefore, on these issues would not affect this case.

Owens–Illinois' cross-assignments of error are therefore overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.