SMITH

v.

YORK;  Ohio Department of Rehabilitation and Correction.

Court of Claims of Ohio.

No. 94–01286–PR.

Decided Feb. 12, 1998.

*Sanford A. Meizlish* and *Rick J. Abraham,* for plaintiff.

*Frederick A. Sewards,* for defendant/third-party plaintiff Jeffrey P. York, M.D.

*Betty D. Montgomery,* Attorney General, *Peter E. DeMarco* and *Michael J. Valentine,* Assistant Attorneys General, for Ohio Department of Rehabilitation and Correction.

---

FRED J. SHOEMAKER, Judge.

This matter is before the court on plaintiff Claude E. Smith's motion for judgment notwithstanding the verdict, pursuant to Civ.R. 50(B), or, in the alternative, a new trial pursuant to Civ.R. 49(B) and 59(A)(6), (7), and (9).

## PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Prior to trial, as ordered by the court, the parties submitted proposed jury instructions and interrogatories. Prior to charging the jury, the court reviewed the proposed charge and interrogatories with counsel. The court overruled plaintiff's request for a directed verdict. Plaintiff had no objection to the proposed jury charge. The court overruled an objection by defendant to part of the charge.

Prior to charging the jury, counsel was advised that after the jury finished their deliberations, the court would accept the verdict and answers to the interrogatories and then immediately return the jury to the jury room. The court and counsel then would review the answers to the interrogatories and the verdict. If necessary, counsel could request further instructions if any of the answers were inconsistent or needed clarification. The court followed this

procedure. Neither counsel requested the court to require the jury to deliberate any further prior to their dismissal.

■ In considering a motion for judgment notwithstanding the verdict, a court does not weigh the evidence or test the credibility of the witnesses. *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 28 OBR 410, 504 N.E.2d 19.

■ There was conflicting testimony, including expert testimony, on the issues of defendant Jeffrey P. York, M.D.'s erroneous removal of plaintiff's prostate gland, and defendant's conduct after the operation. There is no disagreement that a biopsy must be performed prior to the removal of the prostate gland. However, there was a conflict as to whether defendant was negligent in performing this operation on plaintiff and/or negligent in his conduct following the operation. Therefore, the jury was charged on both of plaintiff's claims of negligence by defendant, namely, his presurgery conduct, and his postsurgery conduct. These were separate issues for the jury to decide.

■ Obviously, the jury decided that plaintiff failed to prove by a preponderance of the evidence that defendant acted in a negligent manner when he removed plaintiff's prostate gland, but the jury also decided that defendant was negligent in failing to promptly advise plaintiff that his prostate gland was erroneously removed. The jury concluded that plaintiff suffered no damage as a result of the negligent conduct. If the jury had decided otherwise, plaintiff would have received a substantial verdict.

The jury erred in finding no damages for defendant's postoperative negligent conduct; however, the answers to the interrogatories submitted were not inconsistent. It is obvious that plaintiff suffered substantial damages by defendant surgically removing his prostate gland. However, the jury concluded that plaintiff did not suffer any additional physical injuries due to defendant's negligent postoperation conduct. However, the court charged the jury to consider more than mere physical injury.

Plaintiff's motion for judgment notwithstanding the verdict is OVERRULED. The court makes this finding after construing the evidence most strongly in favor of the nonmoving party, concluding that reasonable minds could come to only one conclusion and that conclusion is adverse to that party. Civ.R. 50(B).

### PLAINTIFF'S MOTION FOR A NEW TRIAL

Plaintiff has filed, in the alternative, for a new trial pursuant to Civ.R. 49(B) and 59(A)(6), (7), and (9).

■ The court grants plaintiff a new trial solely on defendant's postoperative conduct. The jury found that defendant was negligent, but that such negligence

did not cause plaintiff any damages. This conclusion regarding damages was unreasonable. In the retrial of this cause, the court will require the jury to return a verdict for plaintiff for compensatory damages and decide whether plaintiff is entitled to punitive damages.

However, the court will overrule plaintiff's request for a new trial on the remaining issues. There was conflicting testimony by the witnesses, including expert witnesses, regarding whether defendant was negligent in operating on and erroneously removing plaintiff's prostate gland. Credibility of witnesses and the weight of the evidence were issues for the jury. The judgment of the jury on this issue is not against the weight of the evidence. Furthermore, plaintiff was not entitled to a directed verdict. The jury's determination that defendant was negligent in his postoperative conduct will be enforced.

The jury, on retrial, will be ordered to return a verdict in favor of plaintiff for compensatory damages and to decide the amount of punitive damages, if any, to be awarded to plaintiff.

Plaintiff's motion for judgment notwithstanding the verdict is OVERRULED.

Plaintiff's motion for a new trial is SUSTAINED in part and OVERRULED in part, in accordance with the decision filed simultaneously with this judgment entry.

On the issue of defendant's postoperative conduct, the court will instruct the jury that defendant's conduct was negligent and that it must return a verdict for plaintiff for compensatory damages and shall consider whether plaintiff is entitled to punitive damages.

All other branches of plaintiff's motion for a new trial are OVERRULED.

Defendant's motion to tax expenses as costs is hereby OVERRULED.

*Judgment accordingly.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.