[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas granting summary judgment to defendants-appellees, the city of Northwood, John P. Donegan (the former Mayor of the city of Northwood), Charles M. Kozina and Mark Stoner (City Councilmen of the city of Northwood), Diana Herman and William Jackson (police detectives of the city of Northwood), and Douglas P. Breno (Police Chief of the city of Northwood). Plaintiff-Appellant, Rex E. Russell, appeals the trial court's judgment and asserts the following assignment of error:
 "The trial court in entering summary judgment on the claims of business disparagement, tortious interference, negligent misrepresentation, fraudulent misrepresentation, civil conspiracy, and for punitive damages."
In 1994, Russell was a Sergeant in the Wood County Sheriff's Department and applied, along with several other candidates, for the position of Police Chief of the city of Northwood. By May 1994, the field of candidates was narrowed to seven men. Herman and Jackson conducted background investigations of each of the candidates, including Russell. According to Herman, Jackson handled the background investigation of Russell. The two detectives prepared a report on each of the candidates for city council members and the mayor. After each candidate was tested and interviewed, the mayor recommended that Breno, then acting Police Chief of the city of Northwood, be appointed the permanent chief of police. The Northwood City Council approved the mayor's recommendation, and Breno took office on June 9, 1994.
At some point subsequent to the installation of Breno as Northwood's police chief, Russell obtained a copy of his background investigation report. Based on alleged false statements concerning his personal, educational, and professional history in that report, appellant commenced the instant action. In his November 17, 1995 complaint, Russell set forth claims of: (1) negligent misrepresentation; (2) intentional misrepresentation (fraud); (3) defamation; (4) intentional interference with a business relationship with the city of Northwood (claim against Donegan, Stoner, Kozina, Herman and Jackson only); (5) conspiracy; and (6) entitlement to punitive damages.
Appellees filed a motion for summary judgment based on sovereign immunity, privilege, a statute of limitations defense with regard to the defamation claim and appellant's failure to offer evidence to support the elements of his other claims.
In granting the motion for summary judgment, the trial court found that the city of Northwood and its employees were protected from liability on appellant's negligent misrepresentation claim by R.C. Chapter 2744 and "qualified privilege", that the facts of this case did not set forth a claim for fraud, intentional interference with a business relationship or conspiracy, and found appellant's claim for punitive damages moot.
The standard employed by this court in determining this appeal is found in Dresher v. Burt (1996), 75 Ohio St.3d 280, 293:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the non moving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
Appellant first asserts the trial court erred in finding the city of Northwood and the individual defendants as the employees of the city of Northwood were immune from civil liability under R.C. Chapter 2744. Appellant argues that, because he offered evidence showing appellees acted with "malicious purpose, bad faith, or in a wanton or reckless manner," a question of fact exists as to whether the exception to sovereign immunity found in R.C. 2744.03(A)(6)(b) is applicable. He further asserts that a violation of R.C. 4165.02(H)[1], a section of Ohio's Deceptive Trade Practices Act, occurred and therefore the exception to immunity listed in R.C. 2744.02(B)(5) is applicable.
We note at the outset that the trial court applied R.C.2744.03(B) to shield appellees from liability solely on the negligent misrepresentation claim. Even if we would assume the trial court erred in doing so, we would conclude, as did the trial court, that the motion for summary judgment should be granted on all of appellant's claims. We shall, therefore, make this assumption, without finding error on the part of the trial court, and address appellant's arguments on these claims.
Russell contends the court erred in finding that a claim of tortious interference with a business relationship could not be allowed because the city of Northwood could not be "a third party as to its councilmen and police officers."
Generally, a claim for tortious interference with a business or economic relationship requires proof that "one who, without a privilege to do so, induces or otherwise purposely causes a third party not to enter into, or continue, a business relationship with another, or perform a contract with another is liable to the other for the harm caused thereby." Brahim v. OhioCollege of Podiatric Medicine (1994), 99 Ohio App.3d 479, 489, quoting Juhasz v. Quik Shops, Inc. (1977), 55 Ohio App.2d 51, 57. Tortious interference does not lie when the defendant is an agent (employee) of the principal (employer) and he or she acts within the scope of his or her duties. Anderson v. Minter (1972),32 Ohio St.2d 207, 213. Thus, in order to maintain a tortious interference claim in a case such as this one, the evidence must demonstrate that, in interfering in the principal's business relationship, the agent acted solely in his or her personal capacity. Miller v. Wikel Mfg._Co. (1989), 46 Ohio St.3d 76, 79;Emergency Preemption, Inc. v. Emergency Preemption Sys. (August 14, 1997), Cuyahoga App. No. 71350, unreported; Tresner v.Pepsi-Cola Bottling Co. of Columbus (Aug. 27, 1992), Franklin App. No. 91AP-1093, unreported. See, also, Erebia v. Chrysler PlasticProducts, Inc. (C.A. 6, 1989), 891 F.2d 1212, 1215.
A review of the depositions, affidavits, and other materials offered in support of and in opposition to the motion for summary judgment reveals appellant offered no evidence to create a genuine issue of material fact on the issue of whether Donegan, Stoner, Kozina, Herman or Jackson acted outside the scope of their duties in the process employed to find a new police chief for the city of Northwood.
Contrary to appellant's assertions, the record shows that Mayor Donegan used "inside" investigators for financial purposes. Although Diana Herman admitted she "hoped" that one of the three candidates who were members of the Northwood City Police Department would be appointed to the position of police chief, this admission fails to show that either she or Jackson acted to further their own interests. Finally, there is a total absence of evidence to create a question of fact on the issue of whether these defendants "conspired" to hide records that would show the statements in the investigative report were false. Accordingly, while we agree that many of the statements in the investigation report, researched and prepared for the most part by Jackson, are undisputedly false, appellant offered no evidence to show Jackson acted outside the scope of his employment or did not act in the best interests of the city of Northwood. See Morgan Stanley Co., Inc. v. The Texas Oil Co., 1997 Tex. Lexis 61; 40 Sup.Ct.J. 692. Therefore, the trial court did not err in granting summary judgment on this claim.
Russell next argues the trial court erred in granting summary judgment on his claims of negligent misrepresentation and fraud.
A party "who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Delmanv. Cleveland Heights (1989), 41 Ohio St.3d 1, 4. A plaintiff cannot maintain a negligent misrepresentation action based on an omission; there must be some affirmative false statement upon which the plaintiff can justifiably rely. Textron Fin. Corp, v.Nationwide Mut. Ins. Co. (1996), 115 Ohio App.3d 137, 149, citingMcElroy v. BoiseCascade Corp. (Tenn.App. 1982), 632 S.W.2d 127,132-33.
The elements of fraud are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49.
Appellees made no false representation of fact to, or concealed a fact from appellant upon which he could justifiably rely during the process of hiring a police chief for the city of Northwood. The background investigation report was presented to the mayor and city councilmen, not appellant. See Lin v.Gatehouse Constr. (1992), 84 Ohio App.3d 96, 103.
Assuming, as asserted by appellant, that he might rely on the investigative report in the future if, for example, he seeks another job, he is asserting a potential future injury, not an actual controversy. Thus, if the lower court or this court addressed the raised issues prematurely, it would have the effect of impermissibly rendering an advisory opinion on those potential issues. Andonian v. A.C. S., Inc. (1994), 97 Ohio App.3d 572,575-576. This we will not do.
Appellant also cites 3 Restatement of the Law 2d, Torts (1965) 127 and 138-139, Section 552 for the proposition that appellees, as public officials, were obligated to Russell and all members of the public, to accurately report Russell's background and qualifications.
3 Restatement of the Law 2d, Torts (1976) 126, Section 552(1) provides the same elements of negligent misrepresentation as set forth in this court's definition of that tort. Section 552(2) limits liability to certain persons for any loss suffered due to the negligent misrepresentation. Id. at 127. Section 552(3) provides an exception to this limitation stating that one who is under a public duty to give information can be held liable for loss suffered by "any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them." Id. We fail to see how this provision is applicable to the case before us. Even if the fact that public officials were involved rendered this law applicable, the investigative reports were generated for the benefit of the mayor and the council of the city of Northwood in order to aid in the process of choosing a new police chief, not for any member of the public or Russell. Therefore, Russell is not a member of the class of persons to whom the duty was owed.
For the foregoing reasons, the trial court did not err in granting appellees' motion for summary judgment on appellant's claims of negligent misrepresentation and fraud.
Appellant next maintains the trial court erred in granting summary judgment on his conspiracy claim.
"Civil conspiracy," recognized in Ohio's common law, is defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. TransamericaPremium Ins. Co. (1995), 72 Ohio St.3d 415, 419, quoting LeFort v.Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 126. However, a conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim. Gosden v. Louis (1996),116 Ohio App.3d 195, 218; Stiles v. Chrysler Motors Corp. (1993),89 Ohio App.3d 256. In Palmer v. Westmeyer (1988), 48 Ohio App.3d 296,300, this court held that "conspiracy allegations add nothing further to a plaintiff's action other than the underlying wrongdoing that is the basis of the conspiracy."
Appellees were granted summary judgment on all of appellant's claims, i.e., alleged unlawful acts. Without the existence of an underlying unlawful act, there is no right of action for civil conspiracy against appellees. In addition, lacking any other proper claims, appellant cannot seek punitive damages. Accordingly, the trial court did not err in granting summary judgment on these two issues.
Appellant's sole assignment of error is found not well-taken.
The judgment of the Wood County court of Common Pleas is affirmed. Appellant, Rex E. Russell, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] Appellant treats "business disparagement" as one of his claims on appeal. This was not a claim. Rather, it was raised only in relationship to the question of sovereign immunity and R.C. 4165.02(H). While we agree that R.C. Chapter 4165, the Deceptive Trade Practices Act, is inapplicable to the case at bar, we decline to treat "business disparagement" as a separate claim.