Plaintiffs-appellants P.F.C. David Billings, U.S.M.C., and his mother and father, Debbie and Robert Billings, appeal from the denial of their motion for judgment notwithstanding the verdict ("JNOV") or, in the alternative, motion for new trial.[1] For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the Complaint alleged dental malpractice and lack of informed consent under Count 1 by defendant-appellee Eric S. Lawrence, D.D.S., against P.F.C. Billings. Specifically, Count 1 involved the following assertions: (1) the failure of the defendant to properly treat P.F.C. Billings' orthodontia problem and accompanying ankylosis; (2) the failure of defendant to inform the patient of the risks of the proposed treatment; and, (3) the failure of the defendant to inform the patient with regard to available alternative treatment options. The claim of plaintiff's mother and father were derivative claims for loss of consortium. See Counts 2 and 3 of the Complaint. At the close of the trial the jury returned a general verdict in favor of the defendant on the claim for dental malpractice. On the claim for lack of informed consent the jury returned a general verdict in favor of plaintiff P.F.C. Billings and against the defendant, but awarded no ($0) monetary damages. The jury did not enter any verdict with respect to the derivative claims of the parents.
The lone assignment of error provides:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF/APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL.
The standard of review for a motion for motion for JNOV is stated in Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271,275, 344 N.E.2d 334:
 "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." (Citations omitted.)
A motion for JNOV tests the legal sufficiency of the evidence and presents a question of law, not a question of fact. See O'Dayv. Webb (1972), 29 Ohio St.2d 215, 280 N.E.2d 896; Altmann v.Southwyck AMC-Jeep-Renault, Inc. (1991), 76 Ohio App.3d 92, 95,601 N.E.2d 122; Yachanin v. State Farm Ins. Co. (Sept. 26, 1996), Cuyahoga App. No. 69842, unreported, 1996 Ohio App. LEXIS 4178. This appellate court has a duty to review the JNOV determinationde novo. See Felden v. Ashland Chemical Co., Inc. (Cuyahoga, 1993), 91 Ohio App.3d 48, 55-57, and Yachanin v. State Farm Ins.Co., supra.
Although not stated in plaintiffs' post-judgment motion, the alternate motion for a new trial, which argues that the damage award of zero dollars was inadequate and not sustained by the manifest weight of the evidence, falls under the authority of Civ.R. 59(A)(6), which states:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon and of the following grounds:
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
* * *
Where it is contended that the verdict is not sustained by the weight of the evidence, the standard which governs appellate review of a decision to grant a motion for a new trial is whether the trial court abused its discretion. Antal v. Olde WorldeProducts, Inc. (1984), 9 Ohio St.3d 144, 145; Jenkins v. Kreiger
(1981), 67 Ohio St.2d 314; Rohde v. Farmer (1970), 23 Ohio St.2d 82;Krejci v. Halak (1986), 34 Ohio App.3d 1; Winson v. Fauth
(1989), 63 Ohio App.3d 738. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. Krejci v. Halak, supra.
Appellants argue that once liability has been established, the jury is required to automatically return a damage award. This belief is mistaken. In Ward v. Allmon (July 9, 1985), Franklin App. No. 84AP-629, unreported, 1985 WL 10061, a, case cited by appellants, negligence stemming from an automobile accident was stipulated in part, yet the jury, which was to determine proximate cause and damages only, concluded that the injuries complained of were not proximately caused by the accident in question and awarded no monetary damages. This award was affirmed on appeal due to the record supporting a lack of proximate cause for the injuries.
In Bayse v. Whitlock (Nov. 12, 1981), Franklin App. No. 81AP-314, unreported, 1981 WL 3589, a case cited by appellants, the plaintiff was injured in an automobile accident and liability was found in favor of defendant, yet the jury awarded some, but inadequate, damages. The appeals court reversed and remanded for a new trial on damages because the damages were clearly proven and the proposed medical treatment was necessary and reasonable; in short, the inadequate damages awarded were against the weight of the evidence.
In Stelma v. Juguilon (Cuyahoga, 1992), 73 Ohio App.3d 377, a case cited by appellants, the court reversed and remanded in part for a new trial on the sole issue of money damages on husband's loss of consortium claim in his wife's medical malpractice case. Here again, the evidence of the husband's loss of consortium damages (which were in excess of $700,000) were documented and proven, yet the jury awarded inadequate damages of one dollar on that claim, which were clearly against the weight of the evidence.
In Slivka v. C.W. Transport, Inc. (Cuyahoga, 1988), 49 Ohio App.3d 79, a case cited by appellants, the court reversed the inadequate damage award resulting from a car-truck collision as against the weight of the evidence and remanded for a new trial on the issue of damages. The problem with the verdict was that the jury failed to consider the element of pain and suffering in reaching the amount of damages despite the fact that expert evidence was taken on that element and that pain and suffering were proximately caused by the collision.
In Smith v. York (Court of Claims, 1998), 90 Ohio Misc.2d 55, a case cited by appellants, the jury determined that there was no negligence in the surgeon's removal of the patient's prostate gland under the circumstances, but found the surgeon had been negligent in his post-operative care by not informing the patient that the prostate gland had been erroneously removed and awarded no damages on that second claim. The court determined that jury erred in finding that the patient had not suffered any additional injuries as a result of the failure to inform because the jury had been instructed to consider more than mere physical injury. The court considered this finding of no additional damages to be unreasonable and against the weight of the evidence, ordered the jury on remand to return a verdict for the patient on compensatory damages and further decide whether punitive damages were warranted.
In Devine v. Patterson (6th Cir. 1957), 242 F.2d 828, a case cited by appellants, the court granted a new trial relative to a grossly inadequate damage award where the damages were ascertained and shown to have been proximately caused by the wrongful prosecution of plaintiff initiated by the actions of defendant.
The common theme running through these cases cited by appellants is that an inadequate damage award is subject to revision if the damages were demonstrated to have been proximately caused by the act of the defendant. In the case subjudice, however, the evidence regarding damages was undifferentiated between the claim for medical negligence and the sub-claim for tortious lack of informed consent. The jury could reasonably have concluded that these past and future damages were proximately caused as a result of the medical negligence of others, and not proximately caused as a result of a lack of informed consent by defendant-appellee. Accordingly, it was not an abuse of discretion for the trial court to have denied a new trial based on the weight of the evidence supporting the damage award.
Assignment overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue Out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES M. PORTER, A.J. and MICHAEL J. CORRIGAN, J., CONCUR.
 _________________________________ JAMES D. SWEENEY JUDGE
[1] The term "P.F.C." denotes the rank of Private First Class, the second lowest enlisted rank of E-2, within the service of the United States Marine Corps.