OPINION
{¶ 1} Appellant, Michael C. ("father"), appeals the determination of the Clermont County Court of Common Pleas, Probate Division, that his consent was not required for the adoption of his two children by the new husband of the children's mother.
 {¶ 2} Father and mother were divorced in 2001, and in the decree, father was ordered to pay child support for the couple's two minor children from the marriage. The mother subsequently remarried, and in September 2006, her husband filed a petition for adoption of *Page 2 
the two children. The petition alleged that father's consent to the adoption was not required.
 {¶ 3} An evidentiary hearing was held before a probate court magistrate. The magistrate issued a decision on January 17, 2007. Relying upon the guidance provided by R.C. 3107.07, the magistrate found that father's consent to the adoption was not required because father had failed to both communicate and provide for the maintenance and support of the children for a period of at least one year immediately preceding the date the petition was filed. No objections were filed to the magistrate's decision. The probate court adopted the magistrate's decision, and a final decree of adoption was issued in February 2007.
 {¶ 4} Father appeals the decision of the probate court, presenting two assignments of error for our review.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "APPELLANT [FATHER] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL[.]"
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S [STEPFATHER] PETITION FOR ADOPTION[.]"
 {¶ 9} Father argues under the first assignment of error that his trial counsel was ineffective for failing to notify him that the magistrate's decision had been issued until it was too late to timely file objections.
 {¶ 10} Father asserts in his second assignment of error that the stepfather did not carry his burden to show that father's failure to communicate with his children was unjustified. In support of his argument, father contends that he testified at the hearing that he failed to communicate with his children because the children's mother prohibited him from contacting them.
 {¶ 11} First, we begin our discussion with the statutory provision and corresponding law *Page 3 
applicable to the stepfather's adoption petition, to the evidentiary hearing in probate court, and to this appeal.
 {¶ 12} R.C. 3107.07 provides, in pertinent part, that consent to adoption is not required of any of the following:
 {¶ 13} "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 14} The petitioner for adoption has the burden to prove by clear and convincing evidence that the natural parent failed to support or communicate with the child for a one-year period and that the failure was without justifiable cause. In re Adoption of Masa (1986),23 Ohio St.3d 163, paragraph one of syllabus; In re Adoption of Holcomb (1985),18 Ohio St.3d 361, paragraph four of syllabus.
 {¶ 15} Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure; the burden of proof, however, remains with the petitioner. In re Adoption of Bovett (1987),33 Ohio St.3d 102, paragraph two of syllabus; In re Adoption of Barkhurst, Butler App. No. CA2002-04-0819, 2002-Ohio-4711, ¶ 12.
 {¶ 16} The question of whether a natural parent's failure to communicate or support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. Bovett, *Page 4 
paragraph four of syllabus.
 {¶ 17} Under R.C. 3107.07(A), the probate court shall determine the issue of justifiable cause by weighing the evidence of the natural parent's circumstances for the statutory period for which he or she failed to communicate or provide support. See Bovett, at 105-106; seeHolcomb at 366 (court's reading of statute indicates that legislature intended to adopt an objective test for analyzing failure of communication "* * * against which probate courts might measure the degree to which a parent must have voluntarily abandoned his parental responsibility as a condition precedent to his having forfeited his parental rights").
 {¶ 18} Father's two assignments of error on appeal are problematic for his goal of overturning the probate court's decision.
 {¶ 19} First, father claims his trial counsel's ineffectiveness forces him to sustain a "heavier burden" of showing plain error in the probate court's finding that he failed without justifiable cause to communicate with his children. See Civ.R. 53(D)(3)(b)(iv) ("[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53[D][3][a][ii], unless the party has objected to that finding or conclusion as required by Civ.R. 53[D][3][b]").
 {¶ 20} Secondly, father directly attacks the probate court's determination that he failed without justifiable cause to communicate with his children for the requisite period, by arguing that justifiable cause was shown.
 {¶ 21} A significant factor in this case, however, is conspicuous by its absence in father's arguments. Specifically, father ignores and does not challenge the probate court's determination that he failed without justifiable cause to maintain or support his children as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. *Page 5 
 {¶ 22} R.C. 3107.07(A) indicates that the parent's consent is not required if the parent without justifiable cause fails to communicate with or to provide maintenance and support for the minor child (emphasis added).
 {¶ 23} Regardless of our determination on whether father failed without justifiable cause to communicate with his children, father's consent to the adoption is not required because of the determination that he failed without justifiable cause to provide maintenance and support for his children for one year prior to the adoption petition. The probate court's determination that father failed to provide maintenance and support for his children stands as an order of the probate court.[1]
 {¶ 24} Any analysis and decision we would render on father's two assignments of error would have no impact on the outcome of this case. See Miner v. Witt (1910), 82 Ohio St. 237, 238 (duty of a reviewing court is to decide actual controversies by a judgment that can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law that cannot affect the matter in issue in the case); see Andonian v. A.C. S, Inc. (1994), 97 Ohio App.3d 572, 575-576 (court will not issue an advisory opinion and will not issue a decision that does not affect the case before it).
 {¶ 25} Accordingly, father's first and second assignments of error are overruled.
 {¶ 26} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] Although not required by the disposition of this appeal, we have reviewed the entire record provided to this court, including the trial transcript. We find the manifest weight of the evidence supports the probate court's determination that the stepfather proved by clear and convincing evidence that father failed to provide maintenance and support for his children for the requisite period without justifiable cause. *Page 1